SPERRY OWEN, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

An employee, who contracts for the performance of hazardous duties, assumes such risks as are incident to their discharge, from causes open and obvious, the dangerous character of which he has had opportunity to ascertain. *Semble.*

A brakeman, in the employ of a railroad company, while discharging duties in the line of his employment, upon the roof of a freight car, was carried against a highway bridge, and sustained injuries, for which he brought an action against his employer. The bridge was some three and a half feet higher than the top of the highest freight car in use by the company, and had so remained for many years, and since the construction of the railway. The brakeman had entered into the employment of the company with knowledge of the position and height of the bridge, and he had had opportunity of informing himself as to its continuance in the same position.—*Held*, that the plaintiff should have been nonsuited, the danger from the bridge being clearly incident to the labor he undertook to perform.

In view of the brakeman's knowledge as to the bridge, his omission to avoid

the accident, by stooping, was such want of ordinary care and caution as would have defeated his action, if otherwise maintainable.

Having assumed the risk of injury to his person, from the bridge, evidence offered by him upon the trial, tending to show its dangerous character, was properly excluded.

OWEN sued the railroad company, claiming damages for injuries received while in its employ as brakeman. It appeared that Owen, who had, two years previously, been in the service of the company for several months, as brakeman on freight trains between Rochester and Syracuse, was, in August, 1864, re-employed to act in that capacity between the same points. In September, succeeding his re-employment, while upon the roof of a freight car in a train moving upon his route, he was brought in contact with a road bridge crossing over the track, and sustained the injuries, on account of which the action was brought.

The bridge was shown to be three feet and seven inches above the top of the highest freight car in use by the company, to have been so built originally, and to have remained in such position since the construction of the railway, a period of twenty-five years previous to the accident.

The plaintiff's particular duties were with reference to the brakes of the "coach" attached to the train, and did not call him on the roofs of the cars, but it was his general duty to act under the direction of the conductor; and he testified that he was acting, at the time of the accident, under such direction, that he was engaged in fixing the brakes, that the day was foggy, and the engine, which burned coal, gave forth a good deal of smoke, and he did not observe his approach to the bridge. He also testified, upon cross-examination, that when he entered the company's employment the last time, he knew the position of the bridges on the route mentioned, and was aware that the bridge in question was a low bridge. He offered to prove that twelve years previously to the accident to himself, a brakeman had been killed under like circumstances at the same bridge, and that others had been seriously injured on account of it;

also the expense and practicability of raising the bridge. The defendant objecting to the evidence as immaterial, it was excluded, and plaintiff excepted. When the plaintiff rested, defendant moved for a nonsuit, which was refused, and defendant excepted. Exceptions were afterward taken by the plaintiff to the judge's charge to the jury, and this appeal was from an order denying the plaintiffs' motion for a new trial upon a case and exceptions.

*Quincey Van Voorhies,* for the appellant.

*S. T. Fairchild,* for the respondents.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J. If the learned justice, before whom this cause was tried, committed any error in disposing of it at the trial, it was not an error of which the plaintiff can complain. He should, undoubtedly, at the close of the evidence, have nonsuited the plaintiff, or ordered the jury to find a verdict for the defendant, as requested. The risk of injury, by means of the passage of the train of cars under the bridge in question, must be held to have been assumed by the plaintiff, when he entered the defendant's service as a brakeman on the train. He had been in the defendant's employ in the same capacity, and upon the same train, before the present employment for a year or more, at which time he had passed daily under this same bridge, which has been at its present height ever since the road was constructed. The danger was open and obvious, and within the plaintiff's personal knowledge, at the time he entered the defendant's service the last time. It was a danger clearly incident to the service he undertook to perform. He knew, as well as his employer, the perils of the business, at least as respects the bridge in question, and the law will imply that he assumed the risk of personal injury. (*Sherman* v. *The Rochester and Syracuse R. R. Co.,* 17 N. Y. R., 153, and cases there cited; *Faulkner* v. *The Erie R. R. Co.,* 49 Barb., 324.) Citations

might be multiplied to any extent, but it is unnecessary. The decision in the case of *Warner* v. *The Erie R. R.* (49 id., 558), has been overruled by the Court of Appeals. (S. C. 39 N. Y. R., 468.) The rule is well settled.

But if the rule were otherwise, upon the evidence in this case, the plaintiff was not entitled to recover upon another ground. The injury was caused by his own negligence. He admits that he knew this was a low bridge, and he must have known that he could not pass under it while on the top of the cars without injury, unless he stooped or lowered his person sufficiently to avoid a collision. He might have avoided all injury by the exercise of the most ordinary care and caution. In this view of the case, the objections taken to the charge are of no moment. It answers, also, the exception to the ruling, excluding the evidence offered by the plaintiff, that other persons had been killed at the same crossing. That evidence was wholly immaterial, if the plaintiff took upon himself the risk of injury to his person from that structure, as he undoubtedly did. The order denying a new trial must therefore be affirmed, and judgment ordered upon the verdict.

Order affirmed.