GEORGE W. RING, Respondent, *v.* THE CITY OF COHOES,
Appellant.

A municipal corporation, bound to keep its streets in repair, is only bound
to the exercise of reasonable skill and diligence in keeping said streets
safe and convenient for such use of them as is ordinarily, and as may
reasonably be, expected; it is not bound to keep them in such a
condition that damage may not be caused thereon by horses, which
have escaped from the control of their drivers, and are running away.

Where, however, without any fault on the part of a driver, his horse
becomes frightened and unmanageable, or runs away, and this, with a
culpable defect in the highway, produces an injury, the municipality is
liable, provided the injury would not have been sustained but for such
defect; the fact that the horse was at the time beyond the control of the
driver is no defense.

Plaintiff was driving a blind horse upon one of defendant's streets; the
horse became frightened and commenced to run; plaintiff was unable to
restrain or to guide him with any precision. The street was thirty feet
wide, a pile of ashes had been negligently allowed to accumulate, extend-
ing eleven feet into the street, a loaded wagon was in the street next to
the heap of ashes, leaving a clear roadway of about twelve feet. In
passing the wagon plaintiff's horse ran so near a hydrant at the side of
the street that his sleigh struck it, and he was thrown out and injured.
The hydrant was two and a-half feet high, with a nozzle about six inches
from the top, which projected over the gutter about four inches; the
gutter was twelve inches wide. Upon the trial of an action to recover
damages for the injury, the referee found defendant guilty of negli-
gence in allowing the pile of ashes to remain in the street, and in
erecting and maintaining the hydrant with its nozzle so projecting,
which negligence contributed to the injury. There was no evidence
that the hydrant was not properly placed. *Held,* that the finding
as to the hydrant was error; that the liability of the defendant
therefore rested entirely upon the obstruction caused by the ashes;
and that, as the referee had not found and it did not appear, that
the obstruction caused the accident, or that without it the accident
would not have happened, a judgment for plaintiff was error.

Where several proximate causes contribute to an accident, and each is an
efficient cause, without which the accident would not have happened, it
may be attributed to all or any of them; but it cannot be attributed to
a cause, unless without its operation the accident would not have hap-
pened.

*Ring* v. *City of Cohoes* (13 Hun, 76), reversed.

(Argued April 8, 1879; decided April 15, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. (Reported below, 13 Hun, 76.)

This action was brought to recover damages for injuries alleged to have been occasioned by the neglect of defendant in permitting obstructions upon one of its streets.

The facts appear sufficiently in the opinion.

*Samuel Hand*, for appellant. The so called negligent acts of defendant alleged by plaintiff and found by the referee were too remotely connected, if at all, with the accident, to have caused or contributed to it in a legal sense. (*Marble* v. *City of Worcester*, 4 Gray, 395; *Hudson R. R. Co.* v. *Mott*, 1 Robt., 585; Shear. & Red. on Neg., 39; *Wilson* v. *Susquehanna Turnpike Co.*, 21 Barb., 68; *Austin* v. *N. J. Steamboat Co.*, 47 N. Y., 75; *Lauven* v. *Gaslight Co.*, 44 id., 459; *Bemis* v. *Arlington*, 114 Mass., 509; *Macomber* v. *Taunton*, 100 id., 255; *Young* v. *Yarmouth*, 9 Gray, 386; *Dougan* v. *Champlain Co.*, 56 N. Y., 1; *City of Lansing* v. *Toolan*, Alb. Law Jour., Sept. 8, 1877, p. 164; *Kavanagh* v. *Brooklyn*, 38 Barb., 232; *Mills* v. *Brooklyn*, 32 N. Y., 489; *Wilson* v. *Mayor*, 1 Den., 595; *Cole* v. *Medina*, 27 Barb., 218; *Lynch* v. *Mayor of N. Y.*, Ct. of App., 1879.) Even if there was a defect in the highway, plaintiff cannot recover if the accident was occasioned by his furious and careless driving. (*Moulton* v. *Sandford*, 51 Maine, 127; *Davis* v. *Dudley*, 4 Allen, 558; *Murdock* v. *Warwick*, 4 Gray, 178; *Nixon* v. *Lowell*, 13 id., 59; *Fogg* v. *Nahant*, 98 Mass., 678; *S. C.*, 106 id., 278; *Horton* v. *Taunton*, 97 id., 266, *n.*; *Titus* v. *Northbridge*, id., 258; *Adams* v. *Carlisle*, 21 Pick., 146; *Lane* v. *Crumbie*, 12 Pick., 177; *Perkins* v. *Fayette*, 68 Maine, 152; *Anderson* v. *Bath*, 42 id., 346; *Moore* v. *Abbott*, 32 id., 46; *Coombs* v. *Topsham*, 38 id., 204; *Houfe* v. *Fulton*, 29 Wisc., 296; *Dreher* v. *Fitchburg*, 22 id., 675; 67 N. Y. 602; 4 Allen, 558–560; *Nichols* v. *Athens*, 66 Maine, 402; *Moulton* v. *Town of Sandford*,

51 id., 127; *Titus* v. *Northbridge*, 97 Mass., 266; 4 Gray, 178.)

*Nathaniel C. Moak*, for-respondent. The defendant was guilty of such negligence as rendered it liable for injuries resulting from the defective condition of the street. (*Chicago* v. *Brophy*, 2 L. & Eq. R., 224; *Macauley* v. *The Mayor*, 67 N. Y., 602; *Kennedy* v. *The Mayor*, 17 Alb. L. J., 454; 6 N. Y. W'kly Dig., 540; *Titus* v. *Inhabitants, etc.*, 97 Mass., 258; *Stone* v. *Hubbardston*, 100 id., 54, 55; *Nichols* v. *Town of Brunswick*, 3 Cliff., 81; *Toms* v. *Whitby*, 37 U. C. [Q. B.] R., 107; 35 id., 226; *Baldwin* v. *Turnpike Co.*, 40 Conn., 236; 13 Am. Law Reg. [N. S.], 430; *House* v. *Fulton*, 29 Wis., 306, 307; *Hall* v. *City of Kansas*, 54 Mo., 601.) Even if the driver had lost control of his horse, defendant is liable if the defect in the street was the immediate cause of the injury. (*Baldwin* v. *Greenwood Turnpike Co.*, 40 Conn., 238-245; *Hunt* v. *Pownal*, 9 Vt., 411; *Lower Macungie Township* v. *Merkhoffer*, 71 Penn. St. R., 276; *Hey* v. *City of Phila.*, 81 id., 44; *Newlen Town.* v. *Davis*, 1 W'kly Notes, 211; *Pittsburgh* v. *Grier*, 10 Harris, 54; *Scott* v. *Hunter*, 10 Wright, 194; *Sherwood* v. *City of Hamilton*, 37 Upper Can. [Q. B.], 410; *Tuff* v. *Warman*, 2 C. B. [N. S.], 740; 5 id., 573; *Witherly* v. *Regent's Canal Co.*, 12 id., 2; *Gee* v. *Metro. R. W. Co.*, L. R., 8 [Q. B.], 161; *Bradley* v. *Brown*, 32 U. C. R., 403; *Toms et ux.* v. *Whitby*, 37 id., 100; *Moore* v. *Inhabitants, etc.*, 32 Maine, 46; *Farrar* v. *Inhabitants, etc.*, id., 574; *Coombs* v. *Inhabitants, etc.*, 38 id., 204; *Anderson* v. *City of Bath*, 42 id., 346; *Moulton* v. *Inhabitants, etc.*, 57 id., 127; *Winship* v. *Enfield*, 42 N. H., 197; *Clark* v. *Barrington*, 41 id., 44; *Tucker* v. *Huniker*, id., 317; *Norris* v. *Litchfield*, 35 id., 271; *Hunt* v. *Town of Pownal*, 9 Vt., 411; *Kelsey* v. *Town of Glover*, 15 id., 708; *Allen* v. *Town of Hancock*, 16 id., 230; *Palmer* v. *Inhabitants, etc.*, 2 Cush., 600; *Murdock* v. *Inhabitants, etc.*, 4 Gray, 178; *Marble* v. *City of Worcester*, id., 395; *Rowell* v. *City of Lowell*, 7 id., 100; *Davis* v.

*Inhabitants, etc.*, 4 Allen, 557; *Titus* v. *Inhabitants, etc.*, 97 Mass., 258; *Horton* v. *Taunton*, id., 266; *Fogg* v. *Nahant*, 98 id., 678; Withrow's Am. Cases, 464; *Dreher* v. *Fitchburg*, 22 Wis., 675; *Houfe* v. *Town of Fulton*, 29 id., 269; S. C., 9 Am. R., 568; *Hall* v. *City of Kansas*, 54 Mo., 598; *Bassett* v. *City of St. Joseph*, 53 id., 290; *Hone* v. *Town of Fulton*, 9 Am., 568; *Palmer* v. *Inhabitants*, 2 Cush., 607–609.)

EARL, J. A municipal corporation, bound to keep its streets in repair, does not become an insurer of travelers thereon. It is bound to use reasonable skill and diligence in making its streets safe and convenient for travel. It is under no obligation to provide for everything that may happen upon its streets, but only for such use of them as is ordinary or as may reasonably be expected. It is not bound to keep its streets in such condition that a traveler thereon may with safety run his horses at a furious rate of speed or drive thereon safely unmanageable horses; neither is it bound to keep its streets in such condition that damage may not be caused thereon by horses which have escaped from the control of their driver and are running away. In Massachusetts, Maine and Wisconsin, it is held that municipal corporations are not bound so to make their roads that travelers shall be safe when their horses are frightened, unmanageable or running away : (*Moulton* v. *Inhab. of Sandford*, 51 Maine, 127; *Nichols* v. *Inhab. of Athens*, 66 Maine, 402; *Perkins* v. *Inhab. of Fayette*, 68 Maine, 152; *Davis* v. *Inhab. of Dudley*, 4 Allen, 558; *Titus* v. *Inhab. of Northbridge*, 97 Mass., 258; *Fogg* v. *Inhab. of Nahant*, 98 Mass., 578; *Murdock* v. *Inhab. of Warwick*, 4 Gray, 178; *Dreher* v. *Inhab. of Fitchbury*, 22 Wis., 675; *Houfe* v. *Inhab. of Fulton*, 29 Wis., 296.) In *Titus* v. *Inhab. of Northbridge*, CHAPMAN, J., said : " When a horse, by reason of fright, disease or viciousness, becomes actually uncontrollable, so that his driver cannot stop him or direct his course, or exercise or regain control over his movements, and in this condition comes

upon a defect in the highway, by which an injury is occasioned, the town is not liable for the injury, unless it appears that it would have occurred if the horse had not been so uncontrollable." In such cases, it is said that the conduct of the horse is the primary cause of the accident; that there are two efficient, independent proximate causes, the primary cause being one for which the corporation is not liable, and as to which the traveler himself is in no fault, and the other being a defect in the highway; and hence, that it is impossible to determine that the accident would have happened but for the primary cause. But within the rule laid down in those States, a horse is not to be considered uncontrollable that merely shies, or starts, or is momentarily not controlled by his driver: (*Titus* v. *Inhab. of Northbridge, supra; Stone* v. *Inhab. of Hubbardston,* 100 Mass., 54.) But in Vermont, New Hampshire, Connecticut, Missouri, Pennsylvania and Upper Canada, a different rule prevails upon this subject: (*Baldwin* v. *Turnpike Co.,* 40 Conn., 238; *Hull* v. *City of Kansas,* 54 Mo., 601; *Hunt* v. *Town of Pownal,* 9 Vt., 411; *Winship* v. *Enfield,* 42 N. H., 197; *Hey* v. *City of Philadelphia,* 81 Penn. St., 44; *Sherwood* v. *City of Hamilton,* 37 Upper Can. [Q. B.], 410.] In these States it is held that when an accident happens from a negligent defect in the highway, the fact that the horse was, at the time uncontrollable or running away, furnishes no defense to an action for the injury. In *Baldwin* v. *Turnpike Co.,* MINOR, J. said : "The failure of a traveler to be continually present with his team up to the time and place of injury, when that failure proceeds from some cause entirely beyond his control, and not from any negligence on his part, ought not to impose upon him the loss from such injury, particularly when the direct cause of the same is the negligence of some other party ; the loss should be charged upon the party guilty of the first and only negligence with reference to the matter." And in the same case the rule is said to be this : "If the plaintiff is in the exercise of ordinary care and prudence, and the injury is attributable to the negligence of

the defendants, combined with some accidental cause, to which the plaintiff has not negligently contributed, the defendants are liable. Nor will the fact that the horse of the plaintiff was uncontrollable for some distance before the injury, change or in any way affect the liability of the defendants." When, without any fault of the driver, a horse becomes uncontrollable or runs away, it is regarded as an accidental occurrence for which the driver is not responsible; and the rule, as laid down in the cases last cited, may be formulated thus: When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, — the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, — the municipality is liable, provided the injury would not have been sustained but for such defect. This appears to us to be the reasonable rule. It exacts no duty from municipalities which has not always rested upon them. They must use proper care and vigilance to keep their streets and highways in a reasonably safe and convenient condition for travel. This is an absolute duty which they owe to all travelers; and when the duty is not discharged, and, in consequence thereof, a traveler is injured, without any fault on his part, they incur liability. They are not bound to furnish roads upon which it will be safe for horses to run away, but they are bound to furnish reasonably safe roads; and if they do not, and a traveler is injured by culpable defects in the road, it is no defense that his horse was at the time running away or was beyond his control.

Now what were the main facts of this case? The plaintiff was driving a blind horse, harnessed to a sleigh, upon one of the streets of the city. The street was thirty feet wide between the curbs. At the place of the accident, on the west side of the street, there was a heap of ashes about twenty feet long, three feet high and extending from the westerly curb into the street about eleven feet, leaving a road-way between the heap of ashes and the easterly curb of

about nineteen feet.   At the same time, a loaded wagon was coming southerly, next to the heap of ashes, leaving a roadway between that and the easterly curb about twelve feet wide.   Plaintiff's horse, coming from the south, became frightened and commenced to run ; the plaintiff was unable to restrain him, or to guide or direct him with any precision ; and after running about five seconds, he ran so near to a hydrant, on the easterly side of the street, opposite the wagon going south, as to strike the nozzle of the same with the cross-bar of the sleigh, and plaintiff was thrown against the hydrant, and sustained the injury complained of in this action.   The referee was authorized to find, upon the evidence, that the plaintiff was free from fault ; and that the city was in fault for permitting the street to be encumbered with the heap of ashes.   His finding upon defendant's negligence is as follows :   " The defendant was guilty of negligence in allowing and permitting said pile of ashes and cinders to accumulate and remain in said street, and in erecting and maintaining said hydrant so that the same and the nozzle thereof projected into the portion of the street between the two curbs, and that such negligence contributed to the accident and injury to the plaintiff above described ; that by reason of such negligence of the defendant and of such accident and injury to the plaintiff, the plaintiff has suffered damage," etc.

It will be observed that the referee found the defendant negligent, both as to the heap of ashes and the hydrant, and that such negligence contributed to the accident ; and he finds against the defendant on account thereof.   He based his judgment upon two defects in the street ; and how much he was influenced in reaching his conclusion by either, we cannot tell.   He certainly erred in finding that the defendant was negligent as to the hydrant.   That was of iron, erected by the city in the curb, about eight inches in diameter and two and a-half feet high, with a nozzle about six inches from the top, projecting over the gutter about four inches.   The gutter was at least a foot wide.   There was no evidence that

this hydrant was not properly constructed, or that it was not properly placed where it was. It would seem that it could be placed in no position where it would be less inconvenient than in the curb. There it was, as much as possible, out of the way of pedestrians upon the side-walk and vehicles upon the street. A hydrant answers a useful and necessary purpose, and it is required to be placed somewhere in the street; and when the public authorities determine to place one in the curb, it cannot be said that they have done a negligent act. If so, it would be negligent to permit awning or hitching posts to be placed, or trees to grow on the edge of a side-walk, extending partly, as they frequently do, into the gutter. It is true, that in a city the whole roadway must generally be kept suitable for travel. But the gutter is not properly for travel, it is made for another purpose. The finding, therefore, that the city was negligent as to this hydrant, was without any evidence to support it.

The liability of the city must, therefore, rest entirely upon the obstruction caused by the heap of ashes. If it carelessly permitted that to remain there obstructing to some extent the roadway, it would be responsible for any accidents caused by it, but only for such accidents as would not have occurred but for such obstruction. We cannot say, upon the evidence, that that obstruction caused the accident; and the referee has not found that it did. He found that that and the other obstruction, as to which the city was not in fault, did. When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause, unless without its operation the accident would not have happened. We cannot say, from the evidence or the findings of the referee, that the heap of ashes was the cause of the accident, without which it would not have happened.

The referee erred in finding that the city was negligent as to the hydrant; and we cannot say that this error was not harmful to the defendant.

The judgment must, therefore, be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.