ELLIS R. WILLIAMS, RESPONDENT, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*Negligence — when the question as to the negligence of the master, in failing to provide for the safety of his employee, should be left to the jury — the omission of the master must be shown to be the proximate cause of the injury*

This action was brought by the plaintiff, who was employed by the defendant as a brakeman, to recover damages for injuries sustained by him, in passing under a bridge. The evidence showed that if the bridge had been a few inches higher he would have safely passed under it. Whether or not the plaintiff knew the exact height of the bridge, and that he could not pass under it while standing upon the top of a box car, was in dispute.

*Held,* that whether the defendant was guilty of negligence in maintaining the bridge at its then height; whether the plaintiff knew its position, or might have ascertained it by the exercise of ordinary care and observation, and whether the plaintiff was guilty of contributory negligence were all questions of fact, and were properly submitted to the jury.

On the trial it was proved that at the time of the accident four brakemen were usually employed on the train on which the plaintiff was injured, but that on the morning of the accident there were only three. The judge charged in effect, that if the jury should find that the defendant did not furnish a sufficient number of brakemen and that its failure so to do was the cause of the plaintiff's injury, he was entitled to recover.

*Held,* error ; that the evidence wholly failed to show that the plaintiff's injury was the natural or probable consequence of the defendant's omission to employ a sufficient number of brakemen, or that the accident would not have happened but for such omission.

APPEAL from a judgment, entered upon the verdict of a jury at the Oneida circuit in favor of the plaintiff for $4,255.01, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for injuries received by

the plaintiff, who was struck by a bridge on the defendant's road near the village of Norwich, Chenango county, N. Y., while in its employ as a brakeman. The complaint alleges negligence on the part of the defendant for neglecting and refusing to elevate the bridge crossing its track in or near the village of Norwich, N. Y., to a sufficient height above its track to enable brakemen standing upon moving freight cars to pass under said bridge safely; also for neglecting and wrongfully omitting and refusing to provide proper signals to warn its employees of the approach of danger, or of the approach to a bridge of insufficient height to permit employees to pass under it in safety; also for neglecting and refusing to provide or employ a sufficient number of switch tenders at the various switches or stations of defendant, and also negligently, carelessly and wrongfully requiring its brakemen to discharge the duties of switch tenders in addition to other duties required of them.

It appeared upon the trial that the height of this bridge above the top of the rails is sixteen feet eleven inches. It had stood there the same as it was at the time of the accident, and as it is now, since 1874, and was in plain sight to persons standing on top of flat or box cars or the engine approaching it from either way. Prior to the accident in question the plaintiff had acted as a fireman on a local freight train running daily between Utica and Binghamton for about a year, ending in April, 1882. On the occasion of the accident the freight train consisted of twelve cars and a passenger coach at the rear. The twelve cars were five box cars and seven open cars loaded with lumber, ties and stone. The height of the defendant's box cars was eleven feet four inches to eleven feet six inches, which last was the highest they had. When the plaintiff was injured he was on the top of one of the box cars. The plaintiff, when struck by the bridge, was walking south on the top of the box cars, and the train was moving north, and he was hit on the back of his head by the bridge and knocked down on top of the box car, which was the second box car from the engine.

*Francis Kernan*, for the appellant.

*W. T. Dunmore*, for the respondent.

MARTIN, J.:

The first question in this case arises from a denial of the defendant's motion for a nonsuit. The motion was based on the ground that the plaintiff, as an employee of the defendant, assumed the risk arising from the situation of the bridge where the accident occurred.

It is the duty of a master to provide his servants with proper, suitable and safe structures, machinery, other materials and appliances necessary for the proposed work. (*Ryan* v. *Fowler,* 24 N. Y., 410; *Laning* v. *N. Y. C. R. R. Co.,* 49 id., 521; *Flike* v. *B. and A. R. R. Co.,* 53 id., 549; *Cone* v. *D., L. and W. R. R. Co.,* 81 id., 206; *Ellis* v. *N. Y., L. E. and W. R. R. Co.,* 95 id., 546; *Gage* v. *D., L. and W. R. R. Co.,* 14 Hun, 446.) Where, however, a servant enters upon an employment from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and also those that are known to him or which are apparent to ordinary observation. (*Owen* v. *N. Y. C. R. R. Co.,* 1 Lans., 108; *Gibson* v. *Erie Ry. Co.,* 63 N. Y., 449; *De Forest* v. *Jewett,* 88 id., 264; *Evans* v. *L. S. and M. S. R. R. Co.,* 12 Hun, 289.)

If, therefore, the bridge in question was not of sufficient height to render it safe for defendant's employees to pass under it when required in the discharge of their duties, and that fact was either known to the plaintiff, or might have been discovered by ordinary observation, he was not entitled to recover. But if the plaintiff did not know the position of the bridge, and its position was such as not to enable him by the exercise of ordinary care and observation to discover that it was unsafe, he was entitled to recover if the defendant was negligent, and he was free from contributory negligence. (*Plank* v. *N. Y. C. and H. R. R. R. Co.,* 1 T. & C., 319, affirmed, 60 N. Y., 607; *Mehan* v. *S. B. and N. Y. R. R. Co.,* 73 id., 585.)

The cases of *Owen* v. *New York Central Railroad Company,* *Gibson* v. *Erie Railway Company,* *De Forest* v. *Jewett,* and *Evans* v. *Lake Shore and Michigan Southern Railroad Company (supra),* are not in conflict with the principle last stated. In the Owen case the plaintiff knew that the bridge was a low one. Besides, it was clearly apparent to ordinary observation. In the Gibson case it was apparent that the roof was low, and the facts show that the plaintiff must have known it. In the De Forest case the ditches

were well known to the plaintiff. They were apparent and obvious. In the Evans case he knew of the location of the target. The danger was patent.

Whether or not the plaintiff had notice of the position of the bridge was a disputed question. If this bridge had been a few inches higher it would have been safe. We do not think the court could have properly held as a matter of law that this defect in the height of the bridge was apparent to ordinary observation. Whether the defendant was guilty of negligence in maintaining this bridge at its then height, whether the plaintiff knew its position, or might have ascertained it by the exercise of ordinary care and observation, and whether the plaintiff was guilty of contributory negligence, were all questions of fact and were properly submitted to the jury. Hence, we find no error in the refusal to grant the defendant's motion for a nonsuit.

On the trial it was proved that at the time of the accident four brakemen were usually employed on the train on which plaintiff was injured, but on the morning of the accident there were only three. The question whether the defendant was negligent in not furnishing the usual number of brakemen, and whether such negligence caused the plaintiff's injury was submitted to the jury. The learned trial judge in effect charged that if the jury should find that the defendant did not furnish a sufficient number of brakemen, and that that was the cause of the plaintiff's injury, the plaintiff would be entitled to recover. To this portion of the charge the defendant excepted. This exception presents the question whether under the evidence the plaintiff was entitled to recover on the ground that the defendant was negligent in not furnishing another brakeman for the train on which the injury occurred. In cases of tort the particular damages for which the plaintiff brings his action must be the legal and natural consequence of the wrongful act of which he complains. (*Butler* v. *Kent,* 19 Johns., 224; *Crain* v. *Petrie,* 6 Hill, 522.)

" The law ordinarily looks only to the proximate cause of an injury in holding the wrong-doer liable to an action ; and if the damage is not the probable consequence of a wrongful act, it is not the proximate cause so as to make the wrong-doer liable. This is the rule in cases of tort, when the conduct of the defendant cannot be con-

sidered so morally wrong or grossly negligent as to give a right
to vindictive or exemplary damages." (*Putnam* v. *Broadway
and Seventh Ave. R. R. Co.*, 55 N. Y., 119, and cases cited.)

Where several proximate causes contribute to an accident, and
each is an efficient cause, without the operation of which the acci-
dent would not have happened, it may be attributed to all or any
of the causes, but it cannot be attributed to a cause, unless without
its operation the accident would not have happened. (*Ring* v.
*Cohoes*, 77 N. Y., 83, 90.) Where the evidence fails to show that
the negligence complained of was the proximate cause of the
injury, the plaintiff cannot recover. (*Mott* v. *H. R. R. R. Co.*,
1 Robt., 586 ; *Day* v. *Crossman*, 1 Hun, 570, 572 ; *Ryan* v. *N. Y.
C. R. R. Co.*, 35 N. Y., 210 ; *Reiper* v. *Nichols*, 31 Hun, 491 ;
*Hofnagle* v. *N. Y. C. and H. R. R. Co.*, 55 N. Y., 609, 612 ;
*Scheffer* v. *Railroad Co.*, 105 U. S., 249 ; *Sellick* v. *L. S. and M. S.
R. R. Co.*, 32 Alb. Law Jour., 448, 449, and cases cited in opinion.)

Within the principle of the cases cited, to entitle the plaintiff to
recover upon the ground that the defendant was guilty of negli-
gence in not furnishing a sufficient number of brakemen, it was
incumbent on the plaintiff to show that his injury was the result
of such negligence ; that it was the natural and probable conse-
quence of the defendant's omission, and that the accident would
not have happened but for such omission.

It is extremely difficult to perceive how the defendant's omission
to furnish a fourth brakeman contributed in any legal sense to, or
was the proximate cause of, the plaintiff's injury. His injury was the
direct result of his attempt to pass over a train of freight cars
when it was approaching a bridge of insufficient height to enable
him to pass under it in safety. The proximate cause of the plain-
tiff's injury was either the negligence of the defendant in main-
taining a bridge of improper height, or the plaintiff's negligence in
placing himself in a position of danger, and not properly protecting
himself against injury.

We do not think that the omission of the defendant to furnish
another brakeman was the proximate cause of plaintiff's injury.
The evidence wholly fails to show that the plaintiff's injury was
the natural or probable consequence of the defendant's omission to
employ a sufficient number of brakemen, or that the accident would

· not have happened but for such omission. Nor do we think that the evidence was sufficient to present a question of fact for the jury on that branch of the case.

We are of the opinion that the learned judge erred in submitting that question to the jury, and that the defendant's exception was well taken. For this.error, the judgment should be reversed and a new trial granted, with costs to abide the event.

Present — HARDIN, P. J., CHURCHILL and MARTIN, JJ.

Judgment and order reversed and new trial ordered.