### KERN v. DE CASTRO & DONNER SUGAR REFINING CO.

*(City Court of Brooklyn, General Term. May 27, 1889.)*

1. **MASTER AND SERVANT—NEGLIGENCE OF MASTER—DEFECTIVE APPLIANCES.**
   Plaintiff, who was injured by a falling elevator, while in the employ of defendant, showed that the elevator was not provided with safety appliances to prevent it from falling, and proved, by two expert witnesses, that all elevators should have such safety appliances. *Held*, that this testimony was sufficient to raise a question of fact for the jury as to whether the defendant had fulfilled its obligation to furnish plaintiff with reasonably safe machinery and appliances.

2. **SAME—RISK OF EMPLOYMENT.**
   The elevator was held by cables fastened on the top of a building five or six stories high, and had often caught on the side, when the employés were obliged to push it off. Its liability to fall depended on the care of the engineer in taking up the slack rope, or on the care of the plaintiff in pulling the reverse check-rope on the third floor. Unless this was done, when the elevator was pushed off it would fall, and the cables, tightened with a sudden jerk, were in great danger of breaking. Plaintiff had worked at the elevator only about six hours, though he had been employed in another part of the establishment for several years. *Held*, that he did not accept the risk of the employment.

3. **PROXIMATE CAUSES.**
   In such case the jury were warranted in finding that both the absence of safety appliances and the acts of the plaintiff's fellow-workmen were proximate causes contributing to the accident, and, if so, the defendant was liable.

4. **WITNESSES—CREDIBILITY—IMPEACHMENT.**
   Witness for defendant having testified that he "could not say how a piece of board was torn off," was asked by defendant's counsel. "Did you not testify on the last trial that the wagon [of the elevator] jumped against the gate, and cut off the gate?" *Held*, that it was within the discretion of the court to exclude the question as an attempt by defendant to impeach his own witness.

Appeal from trial term.

Action by Carl Kern against the De Castro & Donner Sugar Refining Company, for damages for personal injuries. Defendant appeals from a judgment entered on a verdict in favor of plaintiff, and from an order denying his motion for a new trial. The following is the testimony at folio 308, referred to in the opinion: George Ruppert, a witness called by defendant, testified that a "piece of board," connected with the elevator, was torn off, and that he could not say what tore it. He was then asked: "*Question.* Did you not testify on the last trial that the wagon [of the elevator] jumped against the gate, and cut off the gate?"—which question was objected to as tending to impeach defendant's own witness, and excluded by the court.

Argued before CLEMENT, C. J., and OSBORNE, J.

*Jackson & Burr*, for appellant. *M. L. Towns*, for respondent.

CLEMENT, C. J. The plaintiff, while in the employ of the defendant, on July 10, 1885, was injured, as he claimed, through the negligence of the master, and without negligence on his part. At the trial term plaintiff obtained a verdict for $5,000, and from the judgment entered thereon, and the order denying a new trial, this appeal is taken.

The defendant operated a sugar refinery in this city, where plaintiff was at work, and the building was six or seven stories high, and contained two freight elevators, solely used for the purpose of hoisting bone-black. The plaintiff had worked prior to July 10, 1885, for several years, as a fireman for defendant, but had never been employed on either elevator but once before that date, and then but for a few hours, and on that date worked only a short time, when the elevator caught below the third story, where plaintiff was at work, and the engineer and other workmen pushed it off, and, the cables be-

ing loose, it broke and fell, and in falling a piece of iron struck plaintiff on the head, and fractured his skull.   The elevator had no safety appliances, and there was nothing about it, in case the cable became loose, if the elevator caught in the shaft, or in case the cable broke, to stop or check its fall.   There was testimony offered on the part of the plaintiff tending to show that the elevator was old, and not in repair; that it did not run evenly; that its appliances were worn; that the superintendent was notified several times that it was unsafe; and that it had fallen many times before, occasionally from the same cause as at the time in question, and also for other causes.   An expert witness for plaintiff also said that a safety appliance is necessary, and generally used on freight elevators that run through five or six stories.   Testimony was offered on the part of the defense, contradicting that put in by the plaintiff.   The questions of fact were submitted to the jury under a charge to which no exception was taken, and the law applicable to the facts of the case was fully and carefully stated, and the main question to be decided on this appeal is whether or not the motion for a nonsuit should have been granted.

We think that there was sufficient evidence in the case, to justify the submission of the question to the jury, whether the defendant furnished to the plaintiff reasonably safe machinery and appliances.   The testimony of the two expert witnesses tends strongly to show that all elevators, whether used for carrying passengers or freight, should have some appliances to prevent them from falling; and we have not been referred to any testimony on the part of the defendant tending to contradict the statements of the two experts. While the defendant could use an old elevator without modern appliances, yet there was no proof that safety appliances were modern.   They were in general use when the elevator in question was constructed.

There is no doubt that the defendant was not bound to guard against recklessness on the part of its employés, but it appears in the case that the elevator had fallen several times before, for the same reason as when plaintiff was hurt, though the cable had not broken on those occasions.   The employés were obliged to push the elevator off when it caught on the side, and it can be fairly claimed by the plaintiff's counsel that it was not safe in appliances, when its liability to fall, if caught, depended, as on this occasion, on the care of the engineer in reversing the engine, and taking up the slack cable, or on the care of the plaintiff in pulling the reverse check-rope on the third story, which he testifies he knew nothing about, and as to its use he had not been instructed.   The counsel for appellant also contends that the defendant is not liable because the chances that, if the cable did break, any injury would result to an employé were so remote that defendant was not bound to guard against the danger.   Should the defendant have foreseen that an employé might be injured if the elevator fell?   If the elevator, held by cables fastened on the top of the building five or six stories high, was allowed to drop several feet, the chance of a break in the cables, when they were tightened with a sudden jerk, was great; and we think that it was a question of fact whether the master was bound to guard against the danger of injury to an employé on the elevator.

The difficult and close question in this case is as to the proximate cause of the injury, whether the absence of safety appliances, or the act of the engineer and the fellow-workmen of the plaintiff, or whether it resulted from both causes.   In the case of *Ring* v. *City of Cohoes*, 77 N. Y. 83, a head-note states the decision in that case fairly, and seems in point on the question before us: "Where several proximate causes contribute to an accident, and each is an efficient cause, without which the accident would not have happened, it may be attributed to all or any of them; but it cannot be attributed to a cause unless without its operation the accident would not have happened."   We think on the evidence in this case the jury could find both causes to be proximate, and, if so, the master was liable.   *Ellis* v. *Railroad Co.*, 95 N. Y. 546.

The elevator was unsafe, not by reason of its negligent use, but for the want of safety appliances, and the case of *Stringham* v. *Hilton*, 111 N. Y. 188, 18 N. E. Rep. 870, does not, therefore, apply.

It is also claimed by the defendant that the plaintiff accepted the risk of his employment, and at the same time knew of the absence of safety appliances. He had worked on both elevators but about six hours, though he had been employed in the fire-room for three years. This was a large establishment, containing many employés, and the plaintiff cannot be held, as matter of law, to have known of the method of construction of the elevator, and to have taken the risk of injury. We also hold that the question of contributory negligence was for the jury.

The portion of the testimony of Dr. Gray, which was objected to, was struck out of the case before it was concluded, and no injury was done to defendant. The testimony offered at folio 308 could have been admitted or excluded in the discretion of the court. The exceptions at folios 385 and 396 we have examined, and do not consider either of them well taken. The judgment and order denying a new trial must be affirmed, with costs.

OSBORNE, J., concurs.