---

POZEPKA v. AMERICAN GLUCOSE CO.

(Superior Court of Buffalo, General Term. January 15, 1895.)

NEGLIGENCE—PLEADING.

> In an action for the death of plaintiff's intestate, caused by the burning of defendant's building, in which plaintiff was at work, the complaint alleged that the fire originated by reason of defects in the building. No other fire was alleged to have been started. Then followed a separate allegation that the taking fire and the burning of the building were due wholly to the negligence of defendant. *Held*, that the allegation as to negligence applied to the alleged defective condition of the building. White, J., dissenting.

Action by Josephine Pozepka, as administratrix, etc., against the American Glucose Company. Defendant demurs to the complaint. Overruled.

Argued before TITUS, C. J., and WHITE and HATCH, JJ.

Ullman & Ullman, for plaintiff.

Rogers, Locke & Milburn (L. L. Babcock, of counsel), for defendant.

HATCH, J. The complaint alleges that the fire originated in the dynamo room of the structure burned, by reason of defects in the appliances and machinery operated therein, and by reason of the defective insulation of the wires conducting the electrical current to the electric lights, by reason of which defects the woodwork of said dynamo room was set on fire. This is the only fire alleged to have been started, and it resulted in the destruction of the building. This is followed by a separate allegation that the taking fire of the building, and the burning, were due wholly to the carelessness and negligence of the defendant. The latter is not to be treated as a separate, general allegation of negligence, independent of the facts before alleged. The facts are stated, showing how the fire originated, and the allegation of negligence is of that fire. Consequently, such allegation applies to the specific acts alleged, and characterizes them as negligent. There was but one fire, and its manner of starting is stated. It resulted in the destruction of the building from which the

injury was sustained.    The fire was therefore the direct and proximate cause of the injury.    The allegation of negligence on the part of the engineers does not negative the allegation of negligence as to the cause of the fire.    There was no failure of duty on their part, which caused the fire to start; they simply made no attempt to put it out when they might have done so.    Their failure in this regard, even though it be called a "proximate cause" of the burning, does not aid defendant; for it would then be only one of two proximate causes, and within the rule laid down in Ring v. City of Cohoes, 77 N. Y. 83, the defendant would still be liable.    Ehrgott v. Mayor, etc., 96 N. Y. 283.    The fact is not changed that the fire originated from the negligence of defendant.    The case, as thus presented by the pleading, shows that the fire was caused by the negligent acts of the defendant, and was the proximate cause of the injury; that the negligence of the coemployés, in failing to put the fire out, was, at most, concurrent with the negligence of defendant.    But the latter fact does not render the pleading bad, as such negligence does not exonerate the defendant for its act of negligence.    Ellis v. Railroad Co., 95 N. Y. 546. The pleading is inartificially drawn, but a cause of action is sufficiently well stated to resist a demurrer.    Judgment should therefore be ordered for the plaintiff on the demurrer, with costs, with leave to the defendant to answer within 20 days on payment of costs.

TITUS, C. J. (concurring).    The defendant demurs to the plaintiff's complaint.    The complaint alleges that the fire through which the plaintiff's intestate was killed originated in the dynamo room of the defendant's building, by reason of defects in the appliances and machinery operated therein, and that by reason of defective insulation the wires set fire to the woodwork.    In paragraph 4 it is alleged that the "taking fire of said building, and burning thereof, was due wholly to the carelessness and negligence of the defendant."    It then describes the building and room in which the intestate worked, and alleges that the windows were screwed down, and that after the fire occurred it might easily have been extinguished by the men employed in the engine room, and other facts in detail.    We think there is clearly a specific allegation of the negligence of the defendant, in not properly attaching the electric wires, and in their faulty and defective insulation.    The negligence in this case is predicated wholly upon the defective construction and attachment of the machinery and appliances, and is a sufficient charge of negligence to maintain the action.    The description of the room in which the intestate worked, and the fact that the windows were screwed down, are proper allegations in the complaint, and competent to be shown upon the trial; but the allegation of negligence of the defendant's employés, while it may be a harmless surplusage, adds nothing to the charge of negligence against the defendant in causing the fire.    Neither does it exculpate it from the consequences of such negligence, because the neglect of the employés to put out the fire, while it may have prevented the serious consequences which followed, was not the proximate cause of the intestate's death.    In Pauley v. Lantern Co., 131 N. Y. 90, 29 N. E. 999, no claim was made that the fire was

occasioned by any act or omission of the defendant, nor was it in any manner the product or result of its fault or negligence, and the court held that no negligence was shown against the defendant.    Here the complaint charges direct and specific negligence against the defendant, which clearly distinguishes it from that case.    We think the demurrer must be overruled, and judgment ordered for the plaintiff, with costs, with leave to the defendant to answer within 20 days, on payment of the costs of the demurrer.

WHITE, J., dissents.