(26 Misc. Rep. 53.)

## JORDAN v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. January 23, 1899.)

MUNICIPAL CORPORATIONS—NEGLIGENCE—STREETS—HUBSTONES—PERSONAL IN-
JURIES.

While deceased was driving a loaded truck over a gutter on a bridge leading from a sidewalk to a street, the horses swerved a little, and a wheel struck a hubstone 18 inches high at a side of the bridge, and he was thrown from the truck and killed. He had previously driven over the same bridge, which was 8 feet 1 inch wide, while the truck was 7 feet wide. The hubstone had been standing for many years, and was erected

to keep vehicles from going into the gutter. *Held*, that the city was guilty of no negligence justifying a recovery.

Action by Mary Jordan, administratrix of the estate of William Jordan, deceased, against the city of New York. The complaint was dismissed, and plaintiff applies for a new trial. Denied.

Welch & Daniels (Daniel P. Hays, of counsel), for plaintiff.
John Whalen and Chas. Blandy, for defendant.

McADAM, J. On February 28, 1898, plaintiff's intestate entered the works of the Consolidated Gas Company with a team and truck, and while there loaded his truck, and proceeded with his team towards the scales of the company, and, after weighing his load, proceeded to drive out over the sidewalk into the highway known as "Eleventh Avenue." A bridge extended over the gutter from the curb. To the south of the passageway was a large pile of stones collected near the corporation yard, and to the north was a hubstone, about 18 inches high, to protect trucks from going beyond the end of the bridge, and falling into the gutter. There was a clear passageway of 8 feet and 1 inch for trucks to come in and go out. The truck driven by the intestate was 7 feet wide from the outside rim of one wheel to the outside rim of the other, leaving about 13 inches of roadway to be divided up on both sides of the truck. While driving out over the walk, the horses swerved a little towards the north, and the front wheel struck the hubstone, and the jolt is supposed to have thrown the intestate off the wagon, causing injuries which resulted in his death. The pile of stones on the south and hubstone on the north side of the entranceway to the gas works had been there for many years before the accident. They were at once observable to the eye. The passageway and the bridge were in good substantial condition. The plaintiff's intestate had driven into the gas works on the morning of the accident, and gone out to Eleventh avenue over this same driveway. In the afternoon of the same day he had brought another load to the gas works, and was driving from them when the accident occurred. It was daylight, and the intestate had ample opportunity to determine whether the passageway was sufficient for all his purposes, and he decided that it was. It evidently was sufficient, for it had been found to be so by the numerous drivers who had used it in safety for many years before, and the intestate had himself used it in safety on the morning of the accident. The action is in form for negligence or neglect of duty upon the part of the municipality, and not for maintaining a nuisance; and the question is whether these facts, standing alone, establish a right of recovery against the city, so as to require the submission to the jury of the question of negligence. The court decided that the facts presented did not establish a right of action, and dismissed the complaint, and the present is an application by the plaintiff for a new trial. There is nothing in Schafer v. City of New York, 154 N. Y. 466, 48 N. E. 749, or in any of the other cases relied on by the plaintiff, pertinent to the question presented here. If the injury had been caused by a defective condition of the sidewalk or bridge, or if a pedestrian had in the darkness of night fallen over the hubstone, a

different question would have been presented. Hubstones are not per se nuisances, nor does their presence evidence an unreasonable or unwarranted use of the sidewalk; on the contrary, they are useful, if not necessary, appliances to keep trucks in their proper place, and prevent them from sliding into places where they may receive and do damage. They are in common use, and every person of discretion knows their purpose. A nuisance, on the other hand, is something that annoys the public. Griffith v. McCullum, 46 Barb. 561. "The case at bar is, therefore, analogous to the cases where people have been injured by driving against water hydrants, trees, hitching posts, telegraph poles, awning posts, or stepping stones situated on the sidewalk immediately adjoining the driveway. In this class of cases it has been invariably held that there was no liability on the part of the municipality." Platt v. City of New York, 8 Misc. Rep. 412, 28 N. Y. Supp. 672, citing Ring v. City of Cohoes, 77 N. Y. 83; Dubois v. City of Kingston, 102 N. Y. 219, 6 N. E. 273; Macomber v. City of Taunton, 100 Mass. 255; Cushing v. City of Boston, 128 Mass. 330; Arey v. City of Newton, 148 Mass. 598, 20 N. E. 327; City of Wellington v. Gregson, 31 Kan. 99, 1 Pac. 253. The accident in this instance, if not caused by the indiscretion or mismanagement of the team by the intestate, was of that unusual and unexpected character that does not, by the mere occurrence of the misfortune, prove negligence on the part of the municipality or its officials. The doctrine of res ipsa loquitur has, therefore, no application. While slighter evidence of compliance with the duty cast upon an injured person may, after death has ensued, be deemed sufficient than where the injured person is alive, and competent to testify (Rodrian v. Railroad Co., 125 N. Y. 529, 26 N. E. 741; Schafer v. City of New York, 154 N. Y. 472, 48 N. E. 749), all the elements essential to fasten liability on the city or to warrant a recovery against it are lacking.

The motion for a new trial must be denied.