ISAACS v. NEW HAVEN & NEW YORK REALTY CORPORATION.

(Supreme Court, Appellate Term, First Department.  May 8, 1913.)

LANDLORD AND TENANT (§ 166*)—DEFECTIVE PREMISES—NEGLIGENCE—LIABILITY.

    A landlord, negligently failing, for an unreasonable time, to repair a broken pipe connecting a radiator forming a part of the steam-heating apparatus in his control, is liable for damages to a tenant's property by escaping steam, where a third person, without the knowledge of the tenant, turned the valve, so as to cause steam to escape, but is not liable where the tenant, warned not to turn the valve, turned it, and thereby caused the steam to escape.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 647–655, 657–660; Dec. Dig. § 166.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Rose Isaacs against the New Haven & New York Realty Corporation.  From a judgment of the Municipal Court for defendant, plaintiff appeals.  Reversed, and new trial granted.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Sydney W. Stern, of New York City, for appellant.

Robert. H. Haskell, of Brooklyn, for respondent.

PAGE, J.  The plaintiff was a tenant of the defendant, occupying a steam-heated apartment.  On November 13th the superintendent was called in to fix a radiator that had been pulled away from the wall.  As he was unable to get it back, he broke the pipe connecting the radiator, between the valve and the radiator, and turned the radiator around, and left the radiator in this condition for eight days, warning the plaintiff not to turn the valve.  The plaintiff was awakened on the morning of November 21st by the sound of escaping steam, and called the superintendent, who went into the room and turned off the valve.  The escaping steam damaged the piano and furniture in the room.  The action is brought to recover the fair and reasonable expense of the repairs made necessary by the damage from the steam.

The plaintiff testified that she had not opened the valve.  The defendant's counsel developed the fact that she had company on the night of November 20th, and argues that the valve was probably

turned on by them. If the valve was turned on by the plaintiff, she, would have been chargeable with contributory negligence. The steam-heating apparatus was in the control of the landlord; its employé created a condition, and left the steam pipe in that condition an unreasonable time. This was negligence. If that condition had not existed, the turning of the valve would not have caused the injury. Therefore there were two causes concurring, either one of which alone would not have caused the damage to plaintiff's furniture. The two defects together were the proximate cause thereof. If the turning on of the valve was the negligent act of a third party contributing to the injury, the defendant was nevertheless liable. Phillips v. N. Y. C. & H. R. R. Co., 127 N. Y. 657, 659, 27 N. E. 978; Merrit v. Fitzgibbons, 29 Hun, 634; Ring v. City of Cohoes, 77 N. Y. 83, 90, 33 Am. Rep. 574.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.