BETTY TREFF et al., Respondents, v. BENJAMIN TASMAN, Appellant.

First Department, January 29, 1952.

*Patrick E. Gibbons* of counsel (*Bernard J. McGlinn* on the brief; *Galli & Locker,* attorneys), for appellant.

*Samuel S. Glassman* of counsel (*Edward I. Elicofon,* attorney), for respondents.

VAN VOORHIS, J. Defendant appeals from a judgment entered upon a verdict awarding damages for personal injuries to plaintiff Betty Treff, and to her husband Arthur K. Treff for medical expenses and loss of services.

Plaintiffs were summer residents in one of a group of cottages owned by defendant in Huntington, Long Island. The setting is rural. The cottages are in a grass plot or field upon an elevation close to the West Shore Road. A country lane leads upward from the road, and forms a common driveway or approach. On either side of the lane is a gutter or trench for carrying off the rains. In front of the cottages the lawn is at varying elevations above the driveway, being six feet above its level where the driveway leaves the West Shore Road, but the difference in elevation gradually decreases until the lawn is level with the driveway at the top of the rise, where a junction is made with a separate smaller driveway which leads to plaintiffs' cottage. The trenches on the shoulders of the common driveway were depressed below the level of the lane itself, and below the level of the lawn, except near the top of the rise.

There, at the junction with plaintiffs' driveway, there was a cement curb and a perfectly safe approach to plaintiffs' house.

Instead of traversing the slightly longer but safer route which defendant had provided, by walking from her house to the common driveway at the top of the rise, plaintiff Betty Treff chose at the time of the accident to go across her lawn and enter the driveway part way down where it was about eighteen inches below the level of the lawn. She fell while crossing the drainage trench upon the shoulder of the common driveway.

There was no pretense here of furnishing the even surfaces of city streets or walks. The drainage ditch was necessarily uneven and irregular. The only charge of negligence is that this trench had increased in depth by from six to eight inches for a width of not more than one and one-half feet at the place where plaintiff fell. That much soil had evidently been washed out by the surface water. There is no evidence that this depression formed a concealed hole. The charge that it was a trap shrank into testimony that it extended only three or four inches beyond the edge of the grass. The photographs in evidence show that there was no even margin of grass along the shoulder of the lane.

If the access to the driveway at the top of the rise were obstructed to some extent by parked automobiles, as plaintiffs claim, that is not a reason on account of which she could not have walked alongside of the parked cars, thus entering the common driveway where it was level with the lawn. To hold that defendant was subject to a duty to maintain this country lane as though it were a city street would impose an incongruous obligation upon defendant. Plaintiffs could not have the advantages of both city and country at the same time. Under these circumstances, there is no evidence of negligence on the part of defendant. Even in a city, it has been held that " the gutter is not properly for travel, it is made for another purpose " (*Ring* v. *City of Cohoes,* 77 N. Y. 83, 90).

The judgment appealed from should be reversed and the complaint dismissed, with costs.

PECK, P. J., DORE and COHN, JJ., concur.

Judgment unanimously reversed, with costs of this appeal to the appellant, and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.