THE CITY OF CHICAGO

*v.*

LOUISA SCHMIDT, Admx.

*Filed at Ottawa June 16, 1883.*

1. NEW TRIAL—*on the finding of the facts.* In an action against a city and a railway company, to recover for the death of the plaintiff's intestate, alleged to have been occasioned by the negligence of the defendants, the first trial resulted in a judgment for the defendants, which was reversed by this court, and the cause remanded. There was a second trial, with the same result, and again reversed. The railway company was then dismissed from the case. A third trial was had, resulting in a verdict against the city

for $5000, which was set aside.  A fourth attempt resulted in a mis-trial.
For the fifth time the case was submitted to a jury, and there was a judgment
for the plaintiff for $3500, which was affirmed by the Appellate Court.   On
a further appeal to this court, by the city, it was considered, if no imperative
rule of law forbid, the maxim, *debet esse finis litium*, might well be applied.

2.   DEATH FROM NEGLIGENCE—*liability of city in respect to defective
sidewalk.*   A city had notice of a hole in a sidewalk near a railroad crossing,
and neglected to repair the same within a reasonable time.  A person in pass-
ing over such walk, exercising due care, stepped into the hole, whereby he
was unavoidably thrown upon the railway track before an approaching train
of cars, and in attempting to get up his clothes caught upon a spike or nail
in the sidewalk, and he was struck by the train before he was able to extri-
cate himself, and killed: *Held,* the city was liable in damages, under the
statute, to the personal representatives of the deceased, for causing his death.

3.   INSTRUCTION—*partial summing up of the facts.*   Where an instruc-
tion attempts to summarize the facts or elements in a cause essential to a
recovery, it is vicious if it omits to give any important particular essential to
a recovery.

4.   But where there are two distinct opposing theories upon which a trial
is had, of both of which there is evidence tending to establish, an instruction
based upon either theory is not required to have embodied therein all the
hypothetical elements contained in the distinct and opposing theory.   All the
law requires is, that an instruction based upon some particular hypothesis
warranted by the evidence, which undertakes to summarize the elements in
the cause essential to a recovery upon that theory, must not omit any essen-
tial matter.

WRIT OF ERROR to the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Circuit Court
of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. JULIUS S. GRINNELL, and Mr. CLARENCE A. KNIGHT, for
the plaintiff in error:

Want of ordinary care by the deceased prevents a recovery.
*Chicago, Burlington and Quincy R. R. Co.* v. *Hazard,* 26 Ill.
373; *Chicago, Burlington and Quincy R. R. Co.* v. *Johnson,*
103 id. 512; *Chicago, Burlington and Quincy R. R. Co.* v.
*Lee,* 68 id. 576; *St. Louis, Alton and Terre Haute R. R. Co.*
v. *Manly,* 58 id. 300; *Chicago and Alton R. R. Co.* v. *Gretz-
ner,* 46 id. 75.

A known or probable danger should be approached with greater care and caution than if there were no apparent danger. *Wabash Ry. Co.* v. *Henks,* 91 Ill. 406; *Chicago, Rock Island and Pacific R. R. Co.* v. *Bell,* 70 id. 102; *Chicago, Burlington and Quincy R. R. Co.* v. *Howard,* 80 id. 88; *Chicago, Burlington and Quincy R. R. Co.* v. *Damerell,* 81 id. 450; *Lake Shore and Michigan Southern R. R. Co.* v. *Hart,* 87 id. 529; *City of Centralia* v. *Krouse,* 64 id. 19; *Illinois Central R. R. Co.* v. *Goddard,* 72 id. 567; *City Ry. Co.* v. *Lewis,* 5 Bradw. 247.

It is error in an instruction to single out and state the facts on one side only, leaving others having a bearing on the right to recover. *Chicago, Burlington and Quincy R. R. Co.* v. *Griffin,* 68 Ill. 499; *Martin* v. *Johnson,* 89 id. 538; *Haines* v. *Hale,* 71 id. 554; *Logg* v. *People,* 92 id. 602; *Thorp* v. *Goewey,* 85 id. 614; *Pennsylvania Co.* v. *Stoelke,* 104 id. 201; *Illinois Central R. R. Co.* v. *Hetherington,* 83 id. 510; *Illinois Linen Co.* v. *Hough,* 91 id. 64.

Mr. RUFUS KING, and Mr. ALLAN C. STORY, for the defendant in error:

Where a judgment is affirmed by the Appellate Court, this court is conclusively bound as to the finding of the facts. Rev. Stat. chap. 110, sec. 90; *Germania Fire Ins. Co.* v. *McKee,* 94 Ill. 494; *Massachusetts Mutual Life Ins. Co.* v. *Robinson,* 98 id. 324.

The plaintiff is only obliged to present the law correctly in his instructions applicable to his theory of the case, and is not bound in every instruction to anticipate and exclude ever possible defence. *Logg* v. *People,* 92 Ill. 604; *Trask* v. *People,* 104 id. 572.

Appellant was the wrong-doer, and "no wrong-doer ought to be allowed to apportion or qualify his own wrong; and that, as a loss has actually happened whilst his wrongful act was in force and operation, he ought not to be permitted to

set up as a defence that there was a more immediate cause of the loss, if that cause was put in operation by his own wrongful act.   To entitle such party to exemption he must show, not only that the same loss *might* have happened, but that it *must* have happened if the act complained of had not been done."   *Davis* v. *Garritt*, 6 Bing. 716; *Vanderburg* v. *Truax*, 4 Denio, 464; *McDonald* v. *Snelling*, 14 Allen, 290; *Scott* v. *Sheperd*, 3 Wils. 403; *Clark* v. *Lebanon*, 63 Maine, 393; *Willey* v. *Belfast*, 61 id. 569.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an action on the case, brought under the statute, by Louisa Schmidt, as administratrix of Frederick Schmidt, her late husband, against the city of Chicago, to recover damages for his death, which is alleged to have been caused by a defective sidewalk, which the city, after notice, negligently suffered to remain out of repair.   There was a trial upon the merits in the circuit court of Cook county, resulting in a verdict and judgment for the plaintiff for $3500, which was affirmed on appeal to the Appellate Court, and the case is now before us for review.

It is a conceded fact that the deceased was killed by a passing train of the Northwestern Railroad Company, and the company was originally joined as a co-defendant with the plaintiff in error.   The accident resulting in Schmidt's death occurred on the 5th of May, 1873; and the cause was first tried in March, 1875, resulting in a verdict for the defendants.   On appeal to this court by defendant in error the case was reversed, and the cause remanded for further proceedings.   (See 83 Ill. 405, where the case is reported.) There was another trial of the cause in March, 1878, with the same result, and on appeal to the Appellate Court the judgment of the circuit court was again reversed.   After the second reversal the action was dismissed as to the railway company, and a third trial was had in February, 1880, result-

ing in a verdict against the city for $5000. For some cause or other this verdict was set aside, and in April following, the case was submitted to another jury, which resulted in a mistrial, the jury being unable to agree. In January, 1882, the cause was submitted to a jury for the fifth time, with the result already stated. It will be thus seen, as between the present parties there has been one mis-trial, and two verdicts for defendants in error,—the first for $5000, and the last $3500. In the light of these facts, if no imperative rule of law forbids, we think the maxim, *debet esse finis litium,* may well be applied.

This case, as the record fully shows, was earnestly and vigorously contested in the court below, on issues of fact. Each party entertained and propounded to the court and jury distinct and opposing theories as to how the accident occurred. For the defendant in error it was contended, that Schmidt, the deceased, while passing along on the sidewalk within a few feet of the track of the Northwestern Railway Company, and while in the exercise of due care,. stepped into a hole in the sidewalk, of which the city had notice, and was thereby unavoidably thrown upon the railway track of said company, and that in attempting to get up his clothing caught upon a spike or nail in the sidewalk, and before he was able to extricate himself and get off the track he was struck and killed by a passing train. The other theory is, that Schmidt was hurrying along to cross the railway track in front of a passing train, and in doing so came in collision with a boy, which momentarily detained him, and to make up the lost time occasioned by the collision, he jumped off the sidewalk and attempted to run around the front of the engine of the moving train, and thus make the crossing, and in doing so was struck by the cow-catcher, and killed. There was evidence tending to establish both these theories, and it was for the jury to determine which of the two, if either, was the correct one. This they have done, and their finding has received the indorse-

ment and approval of the Appellate Court, and this must be accepted as conclusive of the controversy, so far as it depends on the facts.

Assuming the hypothesis of the plaintiff below to be true as above stated, there was a clear right of recovery, and the first instruction, which is mostly complained of, does nothing more than so inform the jury, and we see no substantial objection to it. The learned counsel for plaintiff in error, if we correctly understand him, seems to suppose that the general doctrine often recognized by this court, which holds an instruction vicious that attempts to summarize the facts or elements in a cause essential to a recovery, but fails in some important particular, applies to an instruction which merely fails, as was the case here, to embody in it the evidence tending to establish a distinct antagonistic theory. That such is not the case is too palpable to admit of serious discussion. In most, if not all, cases of conflicting testimony, there are two or more distinct opposing theories, supported, more or less, by the evidence, and the very object of instructions is, to present to the jury these several distinct views, with the conclusions of law pertaining to them, respectively, and any attempt to embody in one instruction all the hypothetical elements contained in the distinct and necessarily opposing views, would make the veriest nonsense. All the law requires is, that an instruction based upon some particular hypothesis warranted by the evidence, which undertakes to summarize the elements in the cause essential to a recovery upon that theory, must not omit any essential matter.

There is some criticism of other instructions, but we do not think it well founded. On the whole, we are of opinion the law of the case was properly laid down by the court, and that there is no material error in the record for which the judgment should be reversed.

*Judgment affirmed.*