### STOREY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

OBSTRUCTION IN STREET—LIABILITY OF CITY.

    In an action against the city to recover damages for the death of plaintiff's intestate, a child eight years old, it appeared from the complaint, and the opening of plaintiff's counsel, that a large excavation had been made in front of a house close to the school attended by the deceased, which, with a mound of earth six feet high, made it necessary, in passing, to go out into the street. The earth had lain there for two weeks. The deceased, in attempting to pass around the mound, was knocked down and run over by a butcher's wagon. On account of the height of the mound, the driver and the deceased were unable to see one another. *Held*, on appeal, that the presence of the obstruction was not a proximate cause of the accident, and that the complaint was properly dismissed.

    McLaughlin and Patterson, JJ., dissenting.

Appeal from trial term, New York county.

Action by Lawrence E. Storey, administrator, against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas J. O'Neill, for appellant.
Theodore Connoly, for respondent.

O'BRIEN, J. The action is brought to recover damages for the death of the plaintiff's son, a child eight years of age, who was run over by a butcher's cart in the street. The ruling of the court was made upon the complaint and the opening of the plaintiff's counsel, before any evidence was taken; and these should therefore be examined, in determining whether the ruling was right. As counsel's opening was a repetition, amplified, of the allegations of the complaint, we may consider that, because more favorable to the plaintiff,

in determining the question presented.   In opening to the jury, he stated the facts as follows:

"That for two weeks prior to the 9th of December, 1896, an excavation had been made before the premises 230 East 110th street, in the city of New York, which is a street regularly opened, and patrolled by the police.   That excavation was 6 feet deep, and about 20 feet wide, and reached from the building to the curb, and there was no bridge over it.   The earth which was taken from this excavation had been cast up into the roadway directly in front of the excavation, and it formed a mound 6 or 7 feet high, and the width of the excavation,—about 20 feet,—and reaching from the curb to the car track, which runs through the street.   The plaintiff's intestate, Joseph Storey, was attending a school which was 50 feet away from this excavation, and on the same side of the street as the excavation.   So you will see that the children attending that school, which was attended by over 2,000 children, were obliged to go around this mound.   There was no bridge over the excavation.   On this 9th day of December, under circumstances which the court will charge you would be concurrent negligence, or negligence coupled with the act on the part of the city, this Joseph Storey went around, or started to go around, the corner of that mound of earth; and he was knocked down and run over by a butcher's wagon, which, by reason of the fact that the mound was six feet high, and directly out to this car track, he was unable to see; and the driver of the wagon was unable to see him.   The boy died inside of an hour, and for his death we bring this action.   I understand the death, as the result of the accident, is admitted."

We need not discuss the question as to the boy's contributory negligence, because, regard being had to his youth and inexperience, and the facts stated in reference to his conduct on the day of the accident, it cannot be concluded, as matter of law, that the statement of counsel shows that he was guilty of contributory negligence.   The ruling, to be justified, must be placed upon the ground that the facts stated did not show negligence on the part of the city, or that such negligence was not the proximate cause of the injury.   Its liability is predicated upon the mound of earth in the street, which the plaintiff stated so obstructed the view of the child and the driver of the cart that they could not see each other.   This mound consisted of earth taken from an excavation in front of the premises No. 230 East 110th street, and, as alleged in the complaint, thrown from the excavation into the street, and negligently allowed to remain there,—had so remained, as stated by counsel in his opening, for two weeks prior to the day of the accident.   If, therefore, the city's liability depended upon the presence of the mound of earth, which it was asserted had been negligently placed and allowed to remain in the street, we have here a charge of negligence; and, in respect thereto, plaintiff was entitled to have an opportunity to present his proof.   Taking, therefore, the inferences most favorable to the plaintiff, as the rule requires, we must assume that the plaintiff was free from contributory negligence, and that the city was negligent in permitting the earth to be taken from the excavation and placed in the street, and in allowing it to remain there for two weeks prior to the accident.   The question of the city's liability is therefore reduced to a determination as to whether the mound of earth was the proximate cause of the accident.   It is evident that the mound, of itself, did not produce the injuries, but that the immediate cause was the butcher's cart, which ran over the boy just as he had emerged on the track after passing around the

pile of earth. It is insisted, however, that there were two causes concurring,—one the earth, which obstructed the line of vision of both the boy and the driver, and the other the cart, which ran over the boy. That there may be more than one proximate cause, and that more than one defendant can be held for negligence resulting in injury, is certain, both in reason and authority. Thus, in Ring v. City of Cohoes, 77 N. Y. 90, it was said:

"When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause, unless without its operation the accident would not have happened."

As that case is the one most favorable to the plaintiff, it is important to have before us the facts, and what was therein decided. The plaintiff was driving a blind horse on one of the defendant's streets. The horse became frightened, and commenced to run; the plaintiff being unable to restrain or guide him with any precision. The street was 30 feet wide. A pile of ashes had been negligently allowed to accumulate, extending 11 feet into the street. A loaded wagon was in the street next to the heap of ashes, leaving a clear roadway of about 12 feet. In passing the wagon, the plaintiff's horse ran so near a hydrant at the side of the street that his sleigh struck it, and he was thrown out and injured. Upon the trial the referee found the defendant guilty of negligence in allowing the pile of ashes to remain in the street, and in erecting and maintaining the hydrant with its nozzle so projecting, which negligence contributed to the injury. There was no evidence that the hydrant was not properly placed. It was therein held that the finding as to the hydrant was error, that the liability of the defendant rested entirely upon the obstruction caused by the ashes. and that, as the referee had not found and it did not appear that the obstruction caused the accident, or that without it the accident would not have happened, a judgment for the plaintiff was error. In Ehrgott v. Mayor, etc., 96 N. Y. 283, the action was for negligence; the defect complained of being a ditch in the street, into which the plaintiff drove on a rainy night, breaking the axle of his carriage, and resulting in his being dragged over the dashboard. The question was whether the damages from which the plaintiff subsequently suffered were due directly to the accident, or to the exposure to which, as the result thereof, the plaintiff was subjected. It was therein said:

"This case then comes within the principle decided in Ring v. City of Cohoes, 77 N. Y. 83, where it was said: 'When two causes combine to produce an injury to a traveler upon a highway,. both of which are in their nature proximate,—one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided the injury would not have been sustained but for such defect.'"

And compensation for the injuries due to exposure was allowed, upon the ground that the proximate cause thereof was the ditch in the street.

These cases, and others that might be cited, recognize the principle that there can exist more than one direct, efficient cause, and that a

person injured thereby has his remedy against one or both of the authors of such causes.    In 2 Thomp. Neg. p. 85, § 3, it is said:

"Where the injury is the combined result of the negligence of the defendant and an accident (i. e. a cause) for which neither the plaintiff nor defendant is responsible, the defendant must pay damages, unless the injury would have happened if he had not been negligent."

This statement is illustrated by the case of City of Chicago v. Schmidt, 107 Ill. 186, where a traveler was thrown, by a defect in a sidewalk, upon a railroad track, and in his endeavors to extricate himself he was caught by a spike, and detained until he was killed by a passing train.    It was therein held that the court properly submitted the question to the jury as to whether the defect in the sidewalk was the proximate cause of the injury.    In the case of Schafer v. City of New York, 154 N. Y. 466, 48 N. E. 749, it appeared that, before the plaintiff's wagon reached a manhole, he was thrown from the driver's seat to the pole, whence, by reason of the manhole, he was thrown into the street.    Held, that the plaintiff was entitled to go to the jury as to whether the manhole was the proximate cause of the injury.    So, in the case at bar, if it were claimed that while passing around the mound of earth the plaintiff tripped over it, and was thrown upon the track, and there injured by the cart, or if, in a supposable case, the driver of the cart, by striking the mound of earth without fault on his part, had been thrown out, and injured by another passing wagon, then, upon proof that it was negligence on the part of the city to permit the mound of earth to remain in the street, we would have a case where the proximate cause of the injury was the negligence of the city.    Here, however, the boy did not interfere with the mound of earth, nor did it in any way impede or interfere with the boy's movements, beyond compelling him, on account of its height, to pass around it; and while so engaged he was injured, because, as it is claimed, his vision was obstructed by the height of the mound of earth, which prevented his seeing the wagon, or the driver of the wagon from seeing him.    We are thus brought back to where we started; that is, the question as to whether the mound of earth can be regarded as the proximate or efficient cause, or one of the proximate or efficient causes, of the accident.    The rule, "Causa proxima, non remota, spectatur," is one difficult of application.    In 3 Pars. Cont. (7th Ed.) p. 180, it is said:

"Every defendant shall be held liable for all of those consequences which might have been foreseen and existing as the result of his conduct, but not for those which he could not have foreseen, and is therefore under no moral obligation to take into his consideration."

The test given by that author is:

"Did the cause alleged produce its effect without another cause intervening, or was it made operative only through, or by means of, this intervening cause?"

As said again in 1 Bouv. Law Dict. (Rawle's Revision) p. 293:

"It is not merely distance or nearness of place or of causation which renders a cause remote.    The cause nearest in the order of causation, without any efficient concurring cause to produce the result, may be considered the direct cause.
*  *  * Proximate cause, it may be generally stated, is such adequate and efficient cause as in the natural order of events, and under the particular cir-

cumstances surrounding the case, would necessarily produce the event; and this, having been discovered, is to be deemed the true cause unless some new cause, not incidental to, but independent of, the first, shall be found to intervene between it and the first. A proximate cause must be the act or omission of a responsible human being, such as, in ordinary and natural sequence, immediately results in the injury. Whart. Neg. § 73. It is a cause which in natural sequence, undisturbed by any independent cause, produces the result complained of. Behling v. Southwest Pennsylvania Pipe Lines, 160 Pa. St. 359, 28 Atl. 777. And the result must be the natural and probable consequence such as ought to have been foreseen was likely to flow from the act complained of. * * * If two causes operate at the same time to produce a result which might be produced by either, they are concurrent causes, and in such case each is a proximate cause; but, if the two are successive and unrelated in their operation, one of them must be proximate and the other remote. Herr v. City of Lebanon, 149 Pa. St. 222, 24 Atl. 207."

It is urged with much force that in the present case there were two efficient causes,—the presence of the mound of earth, which prevented the boy from seeing the horse and cart; and the other, the horse and cart themselves,—and that both were proximate causes of the accident. As we have already said, if the boy had tripped and fallen because of the mound, and then had been run over, this reasoning would be sound. But the mere presence of the mound, and the fact that it compelled the boy to pass around it, without the intervention of some other cause, would not have produced the accident. We must be careful to avoid confusing two things which are separate and distinct, namely, that which causes the injury, and that without which the injury would not have happened. For the former a defendant may be liable; for the latter he will not. This is well expressed by Kelly, C. B., in Lord Bailiffs, etc., v. Corporation of Trinity House, 39 Law J. Exch. 163:

"In order to make the defendant liable, his negligence must be the causa causans, and not merely a causa sine qua non."

And as said in Roberton v. City of New York, 7 Misc. Rep. 648, 28 N. Y. Supp. 15:

"The negligence of the defendant, if any there be, was not the proximate or efficient cause of the injury. If, after the cause in question has been in operation, some independent force comes in and produces an injury, not its natural or probable effect, the author of the cause is not responsible."

Here the relation of the mound to the accident was that it obstructed vision, but this, as we have said, was not a fact which alone could have injured the plaintiff; and the cart intervened as an independent force, and caused the injury.

Upon the ground, therefore, that we do not think that the mound of earth was a proximate cause in producing the injury, the complaint was properly dismissed, and the judgment entered thereon should be affirmed, with costs. All concur, except McLAUGHLIN and PATTERSON, JJ., dissenting.

McLAUGHLIN, J. (dissenting). I think the trial court erred in dismissing the complaint, and for that reason the judgment should be reversed, and a new trial ordered. The motion to dismiss having been made upon the complaint and opening of plaintiff's counsel, all

of the facts stated in the complaint and opening must be taken as true.' The complaint, so far as the same is material, reads as follows:

"Third. Upon information and belief, that for many days prior to said date the defendant had negligently permitted an excavation to be made under the premises, and the sidewalk of the premises, known as 'No. 230 East 110th Street,' between said avenues, of the depth of between six and eight feet. and of the width of over fifteen feet, so that persons passing by said premises on said sidewalk could not walk over said sidewalk, but were compelled to go around, into said street, and around a pile of dirt about six feet high, which had been thrown from said premises and excavation into the said street, and negligently allowed to remain there; and the defendant not requiring to be erected, or itself erecting, a bridge over said excavated sidewalk, as it lawfully should, have done.   Fourth. That the above-named decedent, being about eight years of age, on said day was a pupil at a public school situated about fifty feet from said excavation, and upon the same side of said street; and that while lawfully going to said school from his residence, between half past twelve and one o'clock of said day, was compelled to go around said pile of dirt, by reason of such excavation, and while so doing he was run over by a passing vehicle, and immediately killed.   That said pile of dirt so obstructed said decedent's view that he could not see said vehicle until he was within a very short distance therefrom, nor could the driver of said vehicle see said decedent.   That said death was caused solely through the negligence of the defendant, and without any negligence whatever on the part of the said decedent: said defendant permitting said earth to be so piled up, and thereby obstructing the view of the said decedent, and negligently omitting to place a bridge over said excavation, or causing a bridge to be so placed as aforesaid."

And the plaintiff's counsel, in opening the case to the jury, said:

"That for two weeks prior to the 9th of December, 1896, an excavation had been made before the premises 230 East 110th street, in the city of New York, which is a street regularly opened, and patrolled by the police.   That excavation was six feet deep, and about 20 feet wide, and reached from the building to the curb, and there was no bridge over it.   The earth which was taken from this excavation had been cast up into the roadway directly in front of the excavation, and it formed a mound six or seven feet high, and the width of the excavation,—about twenty feet,—and reaching from the curb to the car track, which runs through the street.   The plaintiff's intestate, Joseph Storey, was attending a school which was 50 feet away from this excavation, and on the same side of the street as the excavation.   So you will see that the children attending that school, which was attended by over 2,000 children, were obliged to go around this mound.   There was no bridge over the excavation.   On this 9th day of December, under circumstances which the court will charge you would be concurrent negligence, or negligence coupled with the act on the part of the city, this Joseph Storey went around, or started to go around, the corner of that mound of earth; and he was knocked down and run over by a butcher's wagon, which, by reason of the fact that the mound was six feet high, and directly out to this car track, he was unable to see; and the driver of the wagon was unable to see him.   The boy died inside of an hour, and for his death we bring this action.   I understand the death, as the result of the accident, is admitted."

Assuming the facts stated in the complaint and in the opening to be true, I am of the opinion that the case is then brought directly within the principle laid down in Ring v. City of Cohoes, 77 N. Y. 83.   The court there held that:

"When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate,—one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible,—the municipality is liable, provided the injury would not have been sustained but for such defect"; and "when several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which

the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause, unless without its operation the accident would not have happened."

This principle was followed and applied in Ehrgott v. Mayor, etc., 96 N. Y. 264, and in Lowery v. Railway Co., 99 N. Y. 158, 1 N. E. 608. In the former case, by reason of a defect in a public street the axle of plaintiff's carriage was broken, and he was dragged partly over the dashboard. He then procured another carriage, and drove several miles in the cold and rain. His evidence showed that the injury complained of was due to the strain and shock caused by being dragged over the dashboard, while defendant's evidence showed that it resulted from the subsequent exposure. The jury found that the injury was caused by, or resulted from, both. The court held that a recovery was justified, whether the injury proceeded from the strain and shock, or from the subsequent exposure, or both. And in the latter, fire fell from a locomotive on defendant's road, upon a horse attached to a wagon in the street below, and upon the hand of the driver. The horse became frightened and ran away. The driver attempted to drive him against the curbstone, to arrest his progress. The wagon passed over the curbstone, threw the driver out, and the plaintiff, who was on the sidewalk, was run over and injured. The court held that the plaintiff was entitled to recover, on the ground of defendant's negligence. I am unable to perceive any distinction in principle between the cases cited and the one at bar. Had it not been for the excavation in the sidewalk, there would have been no occasion for the intestate going into the street, and the jury would have had a right to infer that he would not have done so. The defendant permitted the incumbrance to remain in the street. This was an unlawful act on its part, and it must be held responsible for the natural and proximate consequences resulting therefrom. Whether the death of the intestate was due to, and resulted from, the defendant's unlawful act, was, under the facts stated in the complaint and counsel's opening, a question for the jury. Ehrgott v. Mayor, etc., 96 N. Y. 264; Railroad Co. v. Kellogg, 94 U. S. 469. I think the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, J., concurs.