LAWRENCE E. STOREY, as Administrator, etc., of JOSEPH F. STOREY,
Deceased, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMON-
ALTY OF THE CITY OF NEW YORK, Respondent.

*Negligence — mound of earth in a city street — when not the proximate cause of an*
*accident.*

Where a child, eight years old, while passing around a mound of earth some six
feet high, in a public street where it had been for some two weeks, is knocked
down and run over by a butcher's wagon, which, because of the mound, he
was unable to see, and the driver of which was, for the same reason, unable to
see him, the mound of earth is not the proximate cause of the injury in such
wise as to render the city liable for the damages occasioned thereby.

PATTERSON and McLAUGHLIN, JJ., dissented.

APPEAL by the plaintiff, Lawrence E. Storey, as administrator,
etc., of Joseph F. Storey, deceased, from a judgment of the Supreme
Court in favor of the defendant, entered in the office of the clerk
of the county of New York on the 17th day of February, 1898,
upon the dismissal of the complaint by direction of the court after
a trial at the New York Trial Term, and also from an order entered
in said clerk's office on the 15th day of February, 1898, denying the
plaintiff's motion for a new trial.

*Thomas J. O'Neill,* for the appellant.

*Theodore Connoly,* for the respondent.

O'BRIEN, J. :

The action is brought to recover damages for the death of the
plaintiff's son, a child eight years of age, who was run over by a

butcher's cart in the street. The ruling of the court was made upon the complaint and the opening of the plaintiff's counsel before any evidence was taken, and these should, therefore, be examined in determining whether the ruling was right. As the counsel's opening was a repetition, amplified, of the allegations of the complaint, we may consider that because it is more favorable to the plaintiff in determining the question presented. In his opening to the jury he stated the facts as follows: "That for two weeks prior to the 9th of December, 1896, an excavation had been made before the premises 230 East 110th street in the city of New York, which is a street regularly opened and patrolled by the police. That excavation was six feet deep and about 20 feet wide, and reached from the building to the curb, and there was no bridge over it. The earth which was taken from this excavation had been cast up into the roadway directly in front of the excavation, and it formed a mound 6 or 7 feet high and the width of the excavation, about 20 feet, and reaching from the curb to the car track, which runs through that street. The plaintiff's intestate, Joseph Storey, was attending a school which was 50 feet away from this excavation, and on the same side of the street as the excavation. So you will see that the children attending that school, which was attended by over 2,000 children, were obliged to go around this mound. There was no bridge over the excavation. On this 9th day of December, under circumstances which the court will charge you would be concurrent negligence, or negligence coupled with the act on the part of the city, this Joseph Storey went around, or started to go around, the corner of that mound of earth, and he was knocked down and run over by a butcher's wagon, which by reason of the fact that the mound being six feet high and directly out to this car track, he was unable to see, and the driver of the wagon was unable to see him. The boy died inside of an hour, and for his death we bring this action. I understand the death as the result of the accident is admitted."

We need not discuss the question as to the boy's contributory negligence, because, regard being had to his youth and inexperience and the facts stated in reference to his conduct on the day of the accident, it cannot be concluded, as matter of law, that the statement of counsel shows that he was guilty of contributory negligence. The ruling, to be justified, must be placed upon the ground that the

facts stated did not show negligence on the part of the city, or that such negligence was not the proximate cause of the injury. Its liability is predicated upon the existence of the mound of earth in the street which the plaintiff stated so obstructed the view of the child and the driver of the cart that they could not see each other. This mound consisted of earth taken from an excavation in front of the premises No. 230 East One Hundred and Tenth street, and, as alleged in the complaint, thrown from the excavation into the street and negligently allowed to remain there, had so remained, as stated by counsel in his opening, for two weeks prior to the day of the accident. If, therefore, the city's liability depended upon the presence of the mound of earth which it was asserted had been negligently placed and allowed to remain in the street, we have here a charge of negligence, and in respect thereto plaintiff was entitled to have an opportunity to present his proof. Taking, therefore, the inferences most favorable to the plaintiff, as the rule requires, we must assume that the plaintiff was free from contributory negligence, and that the city was negligent in permitting the earth to be taken from the excavation and placed in the street, and in allowing it to remain there for two weeks prior to the accident. The question of the city's liability is, therefore, reduced to a determination as to whether the mound of earth was the proximate cause of the accident. It is evident that the mound of itself did not produce the injuries, but that the immediate cause was the butcher's cart, which ran over the boy just as he had emerged on the track after passing around the pile of earth. It is insisted, however, that there were two causes concurring; one the earth, which obstructed the line of vision of both the boy and the driver, and the other the cart which ran over the boy.

That there may be more than one proximate cause, and that more than one defendant can be held for negligence resulting in injury is certain both in reason and authority. Thus in *Ring* v. *City of Cohoes* (77 N. Y. 90) it was said: " When several proximate causes contribute to an accident and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause unless without its operation the accident would not have happened." As that case is the one most favorable to the plaintiff, it is important to have before us the facts and what was therein

decided. The plaintiff was driving a blind horse on one of the defendant's streets; the horse became frightened and commenced to run, the plaintiff being unable to restrain or guide him with any precision. The street was thirty feet wide. A pile of ashes had been negligently allowed to accumulate, extending eleven feet into the street. A loaded wagon was in the street, next to the heap of ashes, leaving a clear roadway of about twelve feet. In passing the wagon the plaintiff's horse ran so near a hydrant at the side of the street that his sleigh struck it and he was thrown out and injured. Upon the trial the referee found the defendant guilty of negligence in allowing the pile of ashes to remain in the street and in erecting and maintaining the hydrant with its nozzle so projecting, which negligence contributed to the injury. There was no evidence that the hydrant was not properly placed. It was therein held that the finding as to the hydrant was error; that the liability of the defendant rested entirely upon the obstruction caused by the ashes, and that, as the referee had not found and it did not appear that the obstruction caused the accident, or that without it the accident would not have happened, a judgment for the plaintiff was erroneous.

In *Ehrgott* v. *The Mayor* (96 N. Y. 264) the action was for negligence, the defect complained of being a ditch in the street, into which the plaintiff drove on a rainy night, resulting in breaking the axle of his carriage and in his being dragged over the dashboard. The question was whether the damages from which the plaintiff subsequently suffered were due directly to the accident or to the exposure to which, as the result thereof, the plaintiff was subjected. It was therein said: " This case then comes within the principle decided in *Ring* v. *City of Cohoes* (77 N. Y. 83) where it was said: ' When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate — the one being a culpable defect in the highway and the other some occurrence for which neither party is responsible — the municipality is liable provided the injury would not have been sustained but for such defect.' " And compensation for the injuries due to exposure was allowed upon the ground that the proximate cause thereof was the ditch in the street.

These cases, and others that might be cited, recognize the prin-

ciple that there can exist more than one direct efficient cause, and that a person injured thereby has his remedy against one or both of the authors of such causes. In Thompson on Negligence (Vol. 2, p. 1085, § 3) it is said : "Where an injury is the combined result of the negligence of the defendant, and an accident (*i. e.*, a cause), for which neither the plaintiff nor defendant is responsible, the defendant must pay damages unless the injury would have happened if he had not been negligent." This statement is illustrated by the case of *City of Chicago* v. *Schmidt* (107 Ill. 186), where a traveler was thrown in consequence of a defect in a sidewalk upon a railroad track, and in his endeavors to extricate himself was caught by a spike and detained until he was killed by a passing train. It was therein held that the court properly submitted the question to the jury as to whether the defect in the sidewalk was the proximate cause of the injury. In the case of *Schafer* v. *The Mayor* (154 N. Y. 466) it appeared that before the plaintiff's wagon reached a manhole, he was thrown from the driver's seat to the pole, whence, by reason of the manhole, he was thrown into the street. Held, that the plaintiff was entitled to go to the jury as to whether the manhole was the proximate cause of the injury.

So in the case at bar, if it were claimed that, while passing around the mound of earth, the plaintiff tripped over it and was thrown upon the track and there injured by the cart; or if, in a supposable case, the driver of the cart, by striking the mound of earth without fault on his part, had been thrown out and injured by another passing wagon, then upon proof that it was negligence on the part of the city to permit the mound of earth to remain in the street, we should have cases where the proximate cause of the injury was the negligence of the city. Here, however, the boy did not interfere with the mound of earth, nor did it in any way impede or interfere with the boy's movements beyond compelling him, on account of its height, to pass around it ; and while so engaged he was injured because, it is claimed, his vision was obstructed by the height of the mound of earth which prevented his seeing the wagon or the driver of the wagon from seeing him. We are thus brought back to where we started, that is, to the question as to whether the mound of earth can be regarded as the proximate or efficient cause, or one of the proximate or efficient causes, of the accident.

The rule *causa proxima, non remota, spectatur* is one difficult of application. In Parsons on Contracts (7th ed. vol. 3, p. *179) it is said: "Every defendant shall be held liable for all of those consequences which might have been foreseen and expected as the result of his conduct, but not for those which he could not have foreseen, and was, therefore, under no moral obligation to take into his consideration." The test given by that author is: "Did the cause alleged produce its effect without another cause intervening, or was it made operative only through and by means of this intervening cause?" As said again in Bouvier's Law Dictionary (Rawle's Revision, vol. 1, p. 293): "It is not merely distance of place or of causation that renders a cause remote. The cause nearest in the order of causation without any efficient concurring cause to produce the result may be considered the direct cause. * * * Proximate cause, it may be generally stated, is such adequate and efficient cause as in the natural order of events, and under the particular circumstances surrounding the case would necessarily produce the event, and this, having been discovered, is to be deemed the true cause, unless some new cause not incidental to, but independent of the first, shall be found to intervene between it and the first. * * * A proximate cause must be the act or omission of a responsible human being, such as in ordinary natural sequence immediately results in the injury (Whart. Neg. § 73). It is a cause which, in natural sequence, undisturbed by any independent cause, produces the result complained of (160 Pa. 359), and the result must be the natural and probable consequence such as ought to have been foreseen as likely to flow from the act complained of. * * * If two causes operate at the same time to produce a result which might be produced by either, they are concurrent causes, and in such case each is a proximate cause, but if the two are successive and unrelated in their operation, one of them must be proximate and the other remote. (149 Pa. 222.)"

It is urged with much force that, in the present case, there were two efficient causes — the presence of the mound of earth, which prevented the boy from seeing the horse and cart; and the other, the horse and cart themselves, and that both were proximate causes of the accident. As we have already said, if the boy had tripped and

fallen because of the mound, and then had been run over, this reasoning would be sound. But the mere presence of the mound, and the fact that it compelled the boy to pass around it, without the intervention of some other cause would not have produced the accident. We must be careful to avoid confusing two things which are separate and distinct, namely, that which causes the injury, and that without which the injury would not have happened. For the former a defendant may be liable; for the latter he will not. This is well expressed by KELLY, C. B., in *Lord Bailiffs, etc., v. Trinity House* (39 L. J. [Exch.] 163): "In order to make the defendant liable, his negligence must be the *causa causans*, and not merely a *causa sine qua non.*" And as said in *Robertson v. The Mayor* (7 Misc. Rep. 648): "The negligence of the defendant, if any there be, was not the proximate or efficient cause of the injury. 'If after the cause in question has been in operation, some independent force comes in and produces an injury, not its natural or probable effect, the author of the cause is not responsible.'"

Here the relation of the mound to the accident was that it obstructed vision; but this, as we have said, was not a fact which alone could have injured the plaintiff; and the cart, intervening as an independent force and causing the injury.

Upon the ground, therefore, that we do not think that the mound of earth was a proximate cause in producing the injury, the complaint was properly dismissed, and the judgment entered thereon should be affirmed, with costs.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; PATTERSON and McLAUGHLIN, JJ., dissented.

McLAUGHLIN, J. (dissenting):

I think the trial court erred in dismissing the complaint, and that for that reason the judgment should be reversed and a new trial ordered. The motion to dismiss having been made upon the complaint and opening of plaintiff's counsel, all of the facts stated in the complaint and opening must be taken as true. The complaint, so far as the same is material, reads as follows: "*Third.* Upon information and belief, that for many days prior to said date the defendant had negligently permitted an excavation to be made under the premises and the sidewalk of the premises known as No. 230 East 110th street,

between said avenue, of the depth of between six and eight feet, and of the width of over fifteen feet, so that persons passing by said premises on said sidewalk could not walk over said sidewalk, but were compelled to go around into said street and around a pile of dirt about six feet high, which had been thrown from said premises and excavation into the said street, and negligently allowed to remain there, and the defendant not requiring to be erected or itself erecting a bridge over said excavated sidewalk as it lawfully should have done. *Fourth.* That the above-named decedent, being about eight years of age, on said day was a pupil at a public school situated about fifty feet from said excavation and upon the same side of said street, and that while lawfully going to said school from his residence, between half-past twelve and one o'clock of said day, was compelled to go around said pile of dirt by reason of such excavation, and while so doing he was run over by a passing vehicle and immediately killed. That said pile of dirt so obstructed said decedent's view that he could not see said vehicle until he was within a very short distance therefrom, nor could the driver of said vehicle see said decedent. That said death was caused solely through the negligence of the defendant, and without any negligence whatever on the part of the said decedent, said defendant permitting said earth to be so piled up and thereby obstructing the view of the said decedent, and negligently omitting to place a bridge over said excavation, or causing a bridge to be so placed as aforesaid." And the plaintiff's counsel, in opening the case to the jury, said: "That for two weeks prior to the 9th of December, 1896, an excavation had been made before the premises 230 East 110th street in the city of New York, which is a street regularly opened and patrolled by the police. That excavation was six feet deep and about 20 feet wide, and reached from the building to the curb, and there was no bridge over it. The earth which was taken from this excavation had been cast up into the roadway directly in front of the excavation, and it formed a mound six or seven feet high and the width of the excavation — about twenty feet — and reaching from the curb to the car track which runs through the street. The plaintiff's intestate, Joseph Storey, was attending a school which was 50 feet away from this excavation, and on the same side of the street as the excavation. So you will see that the

children attending that school, which was attended by over 2,000 children, were obliged to go around this mound. There was no bridge over the excavation. On this 9th day of December, under circumstances which the Court will charge you would be concurrent negligence, or negligence coupled with the act on the part of the city, this Joseph Storey went around, or started to go around, the corner of that mound of earth, and he was knocked down and run over by a butcher's wagon, which, by reason of the fact that the mound being six feet high and directly out of this car track, he was unable to see, and the driver of the wagon was unable to see him. The boy died inside of an hour, and for his death we bring this action. I understand the death as the result of the accident is admitted."

Assuming the facts stated in the complaint and in the opening to be true, I am of the opinion that the case is then brought directly within the principle laid down in *Ring* v. *The City of Cohoes* (77 N. Y. 83). The court there held that "when two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate — the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible — the municipality is liable, provided the injury would not have been sustained but for such defect;" and "when several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes, but it cannot be attributed to a cause unless, without its operation, the accident would not have happened." This principle was followed and applied in *Ehrgott* v. *The Mayor* (96 N. Y. 264) and in *Lowery* v. *Manhattan Ry. Co.* (99 id. 158). In the former case, by reason of a defect in a public street, the axle of plaintiff's carriage was broken and he was dragged partly over the dashboard; he then procured another carriage and drove several miles in the cold and rain. His evidence showed that the injury complained of was due to the strain and shock caused by being dragged over the dashboard, while defendant's evidence showed that it resulted from the subsequent exposure. The jury found that the injury was caused by or resulted from both. The court held that a recovery was justified whether the injury proceeded from the strain and shock or from the subse-

quent exposure, or both. And in the latter, fire fell from a locomotive on defendant's road upon a horse attached to a wagon in the street below and upon the hand of the driver. The horse became frightened and ran away, the driver attempted to drive him against the curbstone to arrest his progress, the wagon passed over the curbstone, threw the driver out, and the plaintiff, who was on the sidewalk, was run over and injured. The court held that the plaintiff was entitled to recover on the ground of defendant's negligence.

I am unable to perceive any distinction in principle between the cases cited and the one at bar. Had it not been for the excavation in the sidewalk there would have been no occasion for the intestate going into the street, and the jury would have had a right to infer that he would not have done so. The defendant permitted the incumbrance to remain in the street. This was an unlawful act on its part, and it must be held responsible for the natural and proximate consequences resulting therefrom. Whether the death of the intestate was due to, and resulted from, the defendant's unlawful act was, under the facts stated in the complaint and counsel's opening, a question for the jury. (*Ehrgott* v. *The Mayor, supra; Milwaukee & St. Paul Ry. Co.* v. *Kellogg,* 94 U. S. 469.)

I think the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

PATTERSON, J., concurred.

Judgment affirmed, with costs.