### INDEPENDENT ICE CREAM CO. v. UNITED ICE CREAM CO.

(Supreme Court, Appellate Term. December 2, 1910.)

1. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—NEGLIGENCE—LEAVING UNHITCHED HORSE.
   The leaving of a horse unhitched and unattended in a city street may be negligence per se.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705;* Highways, Cent. Dig. § 468.]

2. NEGLIGENCE (§ 62*)—PROXIMATE CAUSE.
   Where the negligence of one party is merely passive and potential, while that of the other is the moving and effective cause of the accident, the latter is the proximate cause.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76–79; Dec. Dig. § 62.*]

3. MUNICIPAL CORPORATIONS (§ 705*)—USE OF STREETS—NEGLIGENCE—PROXIMATE CAUSE OF INJURY.
   Though plaintiff's negligence in leaving its team unhitched and unattended in the street, in a sense, contributed to their colliding with a lamp post after defendant's wagon had caused them to run away by striking them, the proximate cause of the accident was defendant's negligence in running into the team with its wagon.
   [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 705.*]

   Page, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Independent Ice Cream Company against the United Ice Cream Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Crosby & Fine, for appellant.
Harold S. Fleischer, for respondent.

BIJUR, J. Plaintiff recovered for damage to its team, wagon, and contents, resulting from a collision with a lamp post after the team had run away. Its horses had been standing unhitched and unattended

on a city street when defendant's wagon ran into them and started them on this runaway. Apart from a claim that the judgment is against the weight of evidence, with which we do not agree, appellant's only contention is that plaintiff was guilty of contributory negligence.

The authorities are numerous and conclusive to the effect that to leave a horse unhitched and unattended in a city street may per se be held to be negligence, but, in the case at bar, the negligence of the plaintiff, if any, in this regard, was not the proximate cause of the damage. The distinction is aptly and clearly stated in Trapp v. McClellan, 68 App. Div. 362, 367, 74 N. Y. Supp. 130, where a member of the city fire department was injured on the municipal fire boat Seth Low through becoming entangled in hawsers which, it was intimated, had been negligently attached to the boat by the defendant. The learned court pointed out that while these ropes, even if negligently strung, were the causa sine qua non, the negligence of the plaintiff himself in directing that his boat be started before the ropes were thrown off was the causa causana, and that this defeated his recovery. In other words—and to state it generally—where the negligence of the one party is merely passive and potential, while the negligence of the other is the moving and effective cause of the damage, it is the latter which is the proximate cause and which fixes the liability.

In the case at bar, it is evident that while the negligence of the plaintiff contributed to the accident in the sense that without it it is possible that the accident might never have occurred, it is equally true that his horses might have remained standing quietly for hours unhitched and unattended. It was the defendant's negligence alone that constituted the moving, effective, and proximate cause of the injury. See Austin v. N. J. Steamboat Co., 43 N. Y. 75, 3 Am. Rep. 663; Connolly v. Knickerbocker Ice Co., 114 N. Y. 104, 108, 21 N. E. 101, 11 Am. St. Rep. 617; Rider v. Syracuse R. T. R. Co., 171 N. Y. 139, 63 N. E. 836, 58 L. R. A. 125 (where the subject is fully discussed); and Gray v. Weir, 113 App. Div. 479, 99 N. Y. Supp. 252.

The judgment is affirmed, with costs.

SEABURY, J., concurs.

PAGE, J. (dissenting). It seems to me that the negligence of the plaintiff in leaving its horses unhitched and unattended in a public city street was a proximate cause, in that it contributed, concurrently with defendant's negligence, to the accident.