### DAVY v. LYONS.

#### (Supreme Court, Appellate Term. February, 1911.)

NEGLIGENCE (§ 62*)—PERSONAL INJURIES—DEFECTIVE PREMISES—UNLIGHTED HALLWAY.

> Though defendant's hallway was not lighted as required by the tenement house law (Consol. Laws, c. 61), and was dark, she was not liable for injuries to a visitor, who while ascending the stairs was run into by a boy negligently descending; the latter's negligence being the immediate cause of the accident.

> [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76–79; Dec. Dig. § 62.*]

Bijur, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Frederick Davy against Mary Lyons. From an order setting aside a verdict for $350 in his favor, plaintiff appeals. Modified by granting a new trial, and, as modified, affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Charles Maitland Beattie, for appellant.
Crosby & Fine (Samuel Fine, of counsel), for respondent.

PAGE, J. Conceding that the darkness of the hallway was chargeable to the defendant's negligence through failure to observe the requirements of the tenement house law (Consol. Laws, c. 61), this did nothing more than furnish a condition by which the injury was made possible. The injury would not have occurred but for the independent act of the boy in negligently running down the stairs and colliding with the plaintiff. The act was an independent cause of the injury by one for whose act the defendant was not responsible, and by one over whom she had no control. The stairway was shown to be in good condition. There were no obstacles in the way, and no pitfall or dangerous opening shown to exist to endanger plaintiff's progress. Therefore, from all that appears by the evidence, the trip would have been made safely, notwithstanding the darkness, but for the boy's negligent descent of the stairs. How is it possible, then, to hold that the darkness was the proximate cause of the injury? An able writer on negligence stated the proposition:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent human action." Wharton, § 134.

The Supreme Court of the United States said:

"The question also is: Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some independent cause intervening between the wrong and the injury?" M. & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 475, 24 L. Ed. 256.

The defendant in this case was chargeable for all the consequences that naturally flow from her negligent act, and was liable for the consequences which could have been reasonably foreseen. It cannot be said that the boy's heedlessly and carelessly running down the stairs naturally followed from the darkness of the hallway. Nor could the defendant reasonably foresee his negligent act in thus running into the plaintiff. The reasonable acts of a prudent man may be foreseen, but the negligent acts of a careless person are beyond the ken of human foresight. The principles controlling this case are well known. Their application to a particular case is difficult, and the citation of authorities, without a careful consideration of the facts of each case, is not profitable. It may be that the negligence of the defendant in failing to properly light the hallway was causa sine qua non. But the causa causans was the negligence of the boy in colliding with the plaintiff. For this act of an independent third person the defendant cannot be held liable.

The setting aside of a verdict, without a direction for the future disposition of the case, leaves the matter in an anomalous condition.

The order should be modified, by granting a new trial, with costs to abide the event, and, as modified, affirmed, without costs.

SEABURY, J., concurs.

BIJUR, J. (dissenting). This action was brought to recover against a landlord on the ground of negligence. Plaintiff, a man 60 years old, about to visit his sister, was, at 6 o'clock in the evening of August 5, 1909, ascending the second flight of stairs in the tenement house owned by the defendant. The hall and stairway were dark, and the stairs were carpeted. A boy, 11 years of age, descending "in a hurry," collided with plaintiff, throwing him to the ground and injuring him. The jury, after a careful charge, found in favor of the plaintiff. The order setting aside the verdict was based on the opinion of the learned trial judge that the unlighted condition of the hallway (in violation of the tenement house law) was not the proximate cause of the plaintiff's injury, citing as authority Storey v. Mayor, 29 App. Div. 316, 51 N. Y. Supp. 580.

We have had recent occasion to examine the question of proximate cause. See Independent Ice Cream Co. v. United Ice Cream Co., 69

Misc. Rep. 623, 125 N. Y. Supp. 1106. But the precise point now in issue was not present in that case. There, a team of horses, attached to a wagon, left unattended in the city streets, was run into by defendant's wagon, and, having thus been caused to run away, caused the damage for which plaintiff sued. We held that, while leaving a team unattended in a city street might be regarded as negligence, that negligence was not the proximate cause of the injury, but might be considered the causa sine qua non. The causa causans was the negligence of the defendant in colliding with the team, starting it on its career of destruction. See Trapp v. McClellan, 68 App. Div. 362, 367, 74 N. Y. Supp. 130.

It is true, as claimed by respondent, that if the independent, intervening, negligent act of a third person had brought about the accident, the respondent should not be held. But, even assuming that the conduct of the boy had in some way been negligent, this cannot be regarded as an independent act of negligence, but as one strictly dependent upon, and correlated with, the darkness negligently permitted to exist by the respondent. There is, it may be said, no proof that the boy was descending the stairs in any unduly precipitate manner, or, indeed, in any way which would not have been perfectly safe under ordinary circumstances. If his descent is, nevertheless, to be regarded as negligent, it can only be because it was negligent to descend a dark stairway; and we would then be confronted with the remarkable proposition that the landlord of a tenement house, who, according to the inferences necessarily to be drawn from the verdict, had negligently permitted the hallway to remain in darkness, might be relieved of responsibility because a tenant had used that hallway for the essential purpose of egress from the premises.

The order should therefore be set aside, with $10 costs and disbursements, and the verdict and judgment reinstated, with costs.