FREDERICK DAVY, Appellant, v. MARY LYONS, Respondent.

(Supreme Court, Appellate Term, March, 1911.)

Buildings — In general — Liability of owner for personal injuries to persons coming upon premises — Liability of owner of tenement or apartment houses — Proximate cause.

Negligence — Proximate cause of injury — Cause of injury in general.

Where the hall of a tenement house is insufficiently lighted and a visitor while ascending the stairs is run into by a boy descending in a hurry and injured, the careless act of the boy is the proximate cause of the injury and not the insufficient lighting of the hall.

Bijur, J., dissents.

Supreme Court, Appellate Term, March, 1911.    [Vol. 71.

APPEAL from an order of the City Court of the city of New York, setting aside a verdict in favor of plaintiff for $350.

Charles Maitland Beattie, for appellant.

Crosby & Fine (Samuel Fine, of counsel), for respondent.

PAGE, J.   Conceding that the darkness of the hallway was chargeable to the defendant's negligence, through failure to observe the requirements of the Tenement House Law, this did nothing more than furnish a condition by which the injury was made possible.   The injury would not have occurred but for the independent act of the boy in negligently running down the stairs and colliding with the plaintiff. The act was an independent cause of the injury by one for whose act the defendant was not responsible, and by one over whom she had no control.   The stairway was shown to be in good condition; there were no obstacles in the way and no pitfall or dangerous opening was shown to exist to endanger plaintiff's progress, therefore, from all that appears by the evidence, the trip would have been made safely, notwithstanding the darkness, but for the boy's negligent descent of the stairs.   How is it possible then to hold that the darkness was the proximate cause of the injury?   An able writer on negligence stated the proposition: "Supposing that, if it had not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff; is the defendant liable to the plaintiff?   This question must be answered in the negative, for the general reason that casual connection between negligence and damage is broken by the interposition of independent human action."   Whart., § 134.   The Supreme Court of the United States said: "The question also is, was there an unbroken connection between the wrongful act and the injury — a continuous operation.   Did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some

independent cause intervening between the wrong and the injury ?". M. & St. P. Ry. Co. v. Kellogg, 94 U. S. 469, 475. The defendant in this case was chargeable for all the consequences that natᵗ⁻ ally flow from her negligent act, and was liable for the consequences which could have been reasonably foreseen. It cannot be said that the boy's heedlessly and carelessly running down the stairs naturally followed from the darkness of the hallway. Nor could the defendant reasonably foresee his negligent act in thus running into the plaintiff  The reasonable acts of a prudent man may be foreseen, but the negligent acts of a careless person are beyond the ken of human foresight. The principles controlling this case are well known. Their application to a particular case is difficult, and the citation of authorities without a careful consideration of the facts of each case is not profitable. It may be that the negligence of the defendant· in failing to properly light the hallway was *causa sine qua non.* But the *causa causans* was the negligence of the boy in colliding with the plaintiff. For this act of an independent third person the defendant cannot be held liable.

The setting aside of a verdict without a direction for the future disposition of the case leaves the matter in an anomalous condition.

The order should be modified by granting a new trial, with costs to abide the event, and, as modified, affirmed, without costs.

SEABURY, J., concurs.

BIJUR, J. (dissenting). This action was brought to recover against a landlord on the ground of negligence. Plaintiff, a man sixty years old, about to visit his sister, was, at six o'clock in the evening of August 5, 1909, ascending the second flight of stairs in the tenement house owned by the defendant. The hall and stairway were dark, and the stairs were carpeted. A boy, eleven years of age, descending " in a hurry " collided with plaintiff, throwing him to the ground and injuring him. The jury, after a careful charge, found in favor of the plaintiff. The order setting aside the ver-

dict was based on the opinion of the learned trial judge that the unlighted condition of the hallway (in violation of the Tenement House Law) was not the proximate cause of the plaintiff's injury, citing as authority Storey v. Mayor, 29 App. Div. 316.

We have had recent occasion to examine the question of proximate cause (see Independent Ice Cream Co. v. United Ice Cream Co., 69 Misc. Rep. 623); but the precise point now in issue was not present in that case. There, a team of horses, attached to a wagon, left unattended in the city streets, was run into by defendant's wagon, and, having thus been caused to run away, caused the damage for which plaintiff sued. We held that, while leaving a team unattended in a city street might be regarded as negligence, that negligence was not the proximate cause of the injury, but might be considered the *causa sine qua non.* The *causa causans* was the negligence of the defendant in colliding with the team, starting it on its career of destruction. See Trapp v. McClellan, 68 App. Div. 362, 367.

It is true, as claimed by respondent, that, if the independent, intervening, negligent act of a third person had brought about the accident, the respondent should not be held. But, even assuming that the conduct of the boy had in some way been negligent, this cannot be regarded as an independent act of negligence, but as one strictly dependent upon, and correlated with, the darkness negligently permitted to exist by the respondent. There is, it may be said, no proof that the boy was descending the stairs in any unduly precipitate manner, or, indeed, in any way which would not have been perfectly safe under ordinary circumstances. If his descent is, nevertheless, to be regarded as negligent, it can only be because it was negligent to descend a dark stairway; and we would then be confronted with the remarkable proposition that the landlord of a tenement house, who, according to the inferences necessarily to be drawn from the verdict, had negligently permitted the hallway to remain in darkness, might be relieved of responsibility because a tenant had used that hallway for the essential purpose of egress from the premises.

The order should, therefore, be set aside, with ten dollars costs and disbursements, and the verdict and judgment reinstated with costs.

Order modified, and, as modified, affirmed, without costs.