## AGATSTEIN v. STARK et al.

(Supreme Court, Appellate Term, First Department.    December 28, 1915.)

LANDLORD AND TENANT ☞164—LIABILITY FOR INJURIES TO TENANT—PROXI-
MATE CAUSE.

Where plaintiff, a tenant, in the exercise of due care, was injured by
slipping on a pear on the insufficiently lighted stairway of defendant land-
lord's tenement, the landlord was liable, since it was his duty to exercise
a reasonable degree of affirmative care to furnish reasonably safe access
for his tenants to his apartments.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
630-637, 639, 641; Dec. Dig. ☞164.]

Appeal from City Court of New York, Trial Term.

Action by Hinde Agatstein against Leo Stark and others, copart-
ners trading under the name of Stark, Spitzer & Co., and the Hop-
kins Holding Company.  Judgment for defendants, and plaintiff ap-
peals.  Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and
FINCH, JJ.

Isidor E. Schlesinger, of New York City (Isidor E. Schlesinger,
Louis H. Schlesinger, and L. F. Fish, all of New York City, of coun-
sel), for appellant.

Amos H. Stephens, of New York City (Edward J. Redington, of
New York City, of counsel), for respondents.

LEHMAN, J.  The plaintiff sued for injuries caused by the alleged
negligence of the defendants in failing to properly light the halls and
stairway of a tenement house.  At the trial he produced evidence
sufficient to make out a prima facie case that while carefully descend-
ing the stairs he slipped upon a crushed pear.  At the close of the
plaintiff's case the learned trial justice dismissed the complaint, on
the ground that, though the plaintiff had produced sufficient evidence
to raise a question of fact as to whether the defendants were negli-
gent in failing to properly light the halls, yet that it affirmatively ap-
peared that the proximate cause of the accident was the presence on
the stairs of the crushed pear, and that the defendant could not fore-
see and was not responsible for this condition.

There can be no doubt but that the plaintiff would not have slipped
if the crushed pear had not been dropped by some person on the stairs,
and the evidence is absolutely insufficient to show any responsibility
on the defendants' part from this condition.  On the other hand, the
evidence is amply sufficient to permit the jury to hold that the plain-
tiff was descending the stairs with due care, and that, if the hall-
ways had been lit up sufficiently to enable the plaintiff to see where
he was going, he would not have stepped on the pear.  Such a finding
would not depend, as the defendants claim, upon mere speculation,
but would be a legitimate inference from the testimony.  It is true
that there are many cases in the books where the courts have held

that the fact that a person slips on a defect or obstruction on the floor, which he could have seen if he had been looking for an obstruction at that place, does not show contributory negligence as a matter of law; yet upon the present testimony the jury might well have decided as a question of fact that, if the plaintiff was descending the stairs with the care to which he testified, he would have observed the pear had there been sufficient light.

The sole question, therefore, in this case, is whether the act of some unknown person in dropping the pear on the stairs is such independent negligence as the defendants could not reasonably foresee, and which breaks the causal connection between the defendants' negligence and the damage. Other cases involving somewhat similar facts have been before this court in other cases, and each side cites to us decisions which are apparently in its favor. However, none of these cases are of much value to us. As this court stated in the case of Davy v. Lyons, 71 Misc. Rep. 139, 127 N. Y. Supp. 1083:

"The principles controlling this case are well known, * * * and the citation of authorities without a careful consideration of the facts of each case, is not profitable."

The principle underlying liability for negligence is that·a person is always·chargeable for all the consequences that naturally flow from his negligent act, and is liable for the consequences that could have been reasonably foreseen. It seems to me quite plain that the jury could well have held on this evidence that the very purpose of requiring the owner of a tenement house to keep the hallways lit up is to enable those lawfully upon the premises to go up and down without slipping over defects or obstructions which might be present in the hallways. While the defendant could not reasonably foresee any particular act of negligence on the part of others, he could reasonably foresee that in a hallway of a tenement house people frequently drop vegetables and other articles that may be a cause of injury to others. It has always been the law that, though a landlord is not responsible for such acts on the part of others, he is bound to exercise a reasonable degree of affirmative care to furnish reasonably safe access for his tenants to his apartments, and if he should fail to remove an obstruction or débris, either after actual notice or after such length of time that it might be presumed that in the exercise of reasonable care a landlord should have discovered its existence, then the landlord would be held responsible for its continuance. In other words, a landlord cannot lie back and close his eyes to the fact that obstructions and débris will naturally occasionally be found in the hallways, but must exercise a reasonable degree of care to keep his hallways safe. In the same way, since the law requires a landlord to keep lights in his hallways, it is at least partly upon the ground that, in the absence of light, a person using the halls is more apt to injure himself by falling upon or striking some defect or obstruction in ·the hallways, and where such defect or obstruction exists, and ·causes a person to fall, it does not break the causal connection between the landlord's negligence and the injury, but is merely a circumstance

which the landlord might reasonably have foreseen, and which it was negligence on his part not to guard against.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.